## CHESWELL *v.* CHAPMAN.

A committee appointed by the court of probate to make partition of a deceased person's estate, may give to the share of one tenant a right of way over land assigned to the other tenants.

If the committee assign to one share the "privilege to pass and repass to and from, in and around" the lands assigned to the other shares, "in the usual pass-ways," the partition creates a valid right of way in such pass-ways.

But the right will be limited to such pass-ways as were in existence and in a condition to be used at the time of the partition, and were marked on the ground by a distinguishable track, or otherwise so defined as to be fixed in a certain course.

TRESPASS, for breaking and entering the plaintiff's close, in Durham, on the 24th day of July, 1856. The defendant's plea set forth the following facts :

The defendant, in right of his wife, was, and is, seized of a freehold in a certain piece of land described in the plea. One Paul Cheswell died seized of that tract, and of the plaintiff's close, leaving the plaintiff, with Hannah Cheswell and four others, his heirs-at-law. Those and other tracts of land constituted his real estate, and his homestead farm.

On the 29th of January, 1849, a committee was appointed by the judge of probate to make partition of Paul Cheswell's real estate among his heirs-at-law, and the committee, on the 24th day of April, 1849, made partition, and assigned to Hannah Cheswell the tract of which the defendant is seized in right of his wife, "together with the privilege to pass and repass to and from, in and around all of said premises, being the said estate of the said Paul Cheswell, in the usual pass-ways to, over and across the same."

Long before the time in the plaintiff's declaration mentioned, said Paul Cheswell, in his life-time, and all other occupiers of the said estate of said Paul Cheswell, for the

time being, did use and enjoy, from time whereof, &c., " a pass-way through and over said estate, to pass and repass, with cart and wheels, carriages, oxen, and horses, and men, which pass-way is described as follows, to wit: Beginning at the southerly end of the lane that leads from the highway, called the Simons lane road, to the dwelling-house formerly occupied by said Paul Cheswell, deceased; thence running from said southerly end of said lane, near the westerly end of said dwelling-house, south about forty-four degrees west, about thirty-one rods; thence running south about fifty-six degrees east, about six and a half rods; thence running south about forty degrees east, about ten rods, to the close in said declaration mentioned; thence running about the same course about seven and a half rods, through and over said close; thence running south about seventy-one and a half degrees east, through and over said close, about four rods; thence running south about eighty-one degrees east, through and over said close, about six rods, to the tract of land of the defendant first described as aforesaid." The report of the committee was accepted, and the partition established on the first Tuesday of September, 1854.

Hannah Cheswell having died, her administrator, by license from the judge of probate, on the 8th day of April, 1856, conveyed the tract of land assigned to her in the partition of her father's estate, to Nancy Chapman, then and still the wife of the defendant, with all the privileges, &c., which Hannah Cheswell had as appurtenant to the land.

The defendant having entered under said deed, and being in occupation in right of his wife, and having occasion to use the said pass-way for the convenient occupation of his said land, entered into the plaintiff's close, and with his horse and carriage passed and repassed to and from his land, through and over the plaintiff's close in the said pass-way, &c., which is the same trespass, &c.

The questions in the case arose on general demurrer to this plea.

*Small,* for the plaintiff.

*Christie & Kingman,* for the defendant.

PERLEY, C. J. The plaintiff takes the position that on partition of a deceased person's real estate, by proceedings in the probate court, the court have no jurisdiction to create and annex to one share a right of way over land assigned to the other shares. The statute provides that the judge of probate " may cause the dower and share of the widow, and the shares of any or all the heirs or devisees in the real estate of any person deceased, or any part of it, and in the widow's dower after it shall have reverted, to be divided and assigned to them in severalty." No express authority is given to create and assign to any separate share a right of way or other easement in the remaining land; and no court in this State has express authority by statute upon proceedings in partition, to give any such right. General authority is given to make partition, in some cases upon application to the probate court, in others to the Supreme Court, and if the power exists any where upon partition under the statutes to give a right of way, such as is set up in this plea, we can see no reason why it does not belong to the probate court upon division of a deceased person's estate.

The beneficial and convenient partition of real estate will often require that a right of way, or some other privilege or easement, should be given to one share in the parts assigned to other shares. This will be likely to happen most frequently in the assignment of dower; but dower is assigned by the judge of probate under the same general grant of authority which empowers him to make partition among heirs and devisees, and if such a right

may be annexed to land assigned for dower, it undoubtedly may be to the share of an heir or devisee.

The authority to give such rights and privileges, especially to land assigned for dower, is believed to have been long and generally exercised by courts of probate in this State; and we think the authority is necessarily implied in the grant of jurisdiction to make partition and division of estates; because, in numerous cases, a judicious and convenient partition could not be made without it. In other jurisdictions the power to create such rights and privileges, on partition, by legal proceedings, has been often recognized. *Hoffman* v. *Savage*, 15 Mass. 130; *Davenport* v. *Lamson*, 21 Pick. 72; *Symmes* v. *Drew*, 21 Pick. 278; *Chandler* v. *Goodrich*, 23 Maine 78; *White* v. *Story*, 2 Hill 549; *Pernam* v. *Wead*, 2 Mass. 203; *Russell* v. *Jackson*, 2 Pick. 574. We are, therefore, of opinion that the probate court, upon division of a deceased person's estate, may, in a case where necessity or convenience requires it, give to one share a right of way over land assigned to the other shares.

The committee in this case undertook to give the share assigned to Hannah Cheswell " the privilege to pass and repass to and from, in and around all the said premises, being the said estate of said Paul Cheswell, in the *usual pass-ways* to, over, and across the same." The terms used are somewhat loose and indefinite. It would doubtless have been better, and might have prevented the present dispute between these parties, if the committee had fixed and limited the right more clearly and distinctly. It would not, however, seem to be any legal objection to the grant of such a right by a conveyance, that it is described by reference to the actual condition of the property, and the manner in which it was used by the owner at the time. Proof may, in such case, be introduced to show what roads and passes were in use at the time of the conveyance. *Atkins* v. *Boardman*, 2 Met. 462; *Salisbury* v. *Andrews*, 19

Pick. 258. In *Davenport* v. *Lamson*, 21 Pick. 72, by the report of a committee appointed to make partition in the probate court, " each partitioner was to have the privilege of passing and repassing across each other's shares, as before the division ;" and it appears to have been taken for granted that the privilege described in those terms was legal and valid; and we are of opinion that a valid right of way was in the present case created and annexed to the share of Hannah Cheswell, by the partition in the probate court.

But we think that the right must, in construction, be limited to such pass-ways as were in existence and in use, or in a condition to be used, at the time of the partition, and such as were marked on the ground by a distinguishable track, or otherwise so defined as to be fixed in a certain course. If, under this partition, the claim were set up to go back and inquire what pass-ways had been used by the owner in former times, and to insist on going over the land wherever it had been usual for him to go, though no such pass-ways were in use at the time of the partition, the claim would be likely to raise questions of fact difficult to settle by proof, and, if admitted, the claim might be extremely inconvenient and injurious to the owner of the land. We cannot think that the intention was to give a right of a character so uncertain and unreasonable.

It is to be observed that the right given in the terms of the report is not the pass-ways themselves, but the privilege to pass and repass in the usual pass-ways. The term pass-ways is evidently used to fix and limit the place and line in which the privilege of passing and repassing is to be exercised; and to constitute a pass-way, within the meaning of the report, there must have been something on the ground at the time of the partition to fix the route with reasonable certainty in one course and track. No right, we think, is given to go over the land wherever the owner, in former times, had been accustomed to go, in dif-

Cheswell *v.* Chapman.

ferent directions, as the shifting use and cultivation of the land might make it convenient for him ; no right to open pass-ways formerly used, but discontinued and closed at the time of the partition.

It would have been, perhaps, sufficient if the plea, after stating the proceedings in the probate court, had alleged generally that at the time of the partition there was, and long before had been, a usual pass-way, leading from the land assigned to Hannah Cheswell, over the land of the plaintiff, as is the common form of pleading a right of way claimed by prescription.    2 Chitty's Pl. 576.    In that case, if issue were taken on the plea, it would be left for the evidence to show on trial whether there was a pass-way within the term as used in the report of the committee.    The court would then be called on at the trial to give the rule of law which governed the question, as it was raised on the evidence, which would be safer than an attempt to anticipate the facts and lay down a particular rule in advance.    The defendant has in this instance undertaken in his plea to state facts which would constitute such a pass-way as he is entitled to under the partition ; and we think he has failed to do it.

The plea describes the right as if it were claimed by prescription, and refers to the immemorial usage of former proprietors.    But here could be no prescriptive right ; no adverse claim of a right in land of another.    The right had no existence till it was created by the partition.    The usage in former times, by former owners of the whole land, is of no importance except as it may furnish evidence that there was a pass-way at the time of the partition.    The plea contains no general allegation that there was a pass-way in use, or in a condition to be used, at the time of the partition ; nor does it set out any monuments or marks on the ground to show that there was a pass-way established in the course where the defendant entered and passed. We cannot know, as matter of fact on this demurrer, what

Cheswell *v.* Chapman.

the real dispute is between these parties; but the plea alleges that it was necessary for the defendant to remove a fence in order to use the pass-way, and does not allege that the fence was placed there since the partition. This, with the statement of immemorial usage by former proprietors, and the want of any distinct averment that the pass-way was in existence at the time of the partition, leads to the suspicion that a question may have arisen as to the right of opening and using a pass-way which was discontinued and closed at the time of the partition. We think that the defendant has no such right, and that his plea should contain a distinct averment that the pass-way existed and was in use, or in a condition to be used, and not leave it to be inferred that it was closed and discontinued at the time of the partition; and for this cause the plea is insufficient.

The objection to the administrator's sale cannot prevail. The plaintiff, having no title to the defendant's land, is not in a situation to make the objection; for the deed of the administrator, though the antecedent proceedings may have been irregular, gave color of title; and the plea alleges that the defendant entered and was in possession under the deed. This is sufficient to establish his right against third persons who have no title. The right of way is appurtenant to the land, and his right to the possession and use of the land carries with it the right to use the way.

*Demurrer allowed.*