The EDMINSTON CORPORATION,
Appellee,

v.

Estelle CARPENTER et al., Appellants.

Court of Appeals of Tennessee,
Western Section.

May 13, 1976.

Certiorari Denied by Supreme Court
Aug. 30, 1976.

Rosenfield, Borod, Bogatin & Kremer, P. C., Memphis, for appellants.

Walker T. Tipton, Covington, for appellee.

MATHERNE, Judge.

The plaintiff sued for a mandatory injunction requiring the defendants to remove certain fences constructed on an alleged thirty-foot easement which connects the plaintiff's land with a public road. The chancellor held for the plaintiff and issued the injunction requiring the removal of all fences and obstructions encroaching upon the thirty-foot easement and perpetually enjoined any further interference therewith.

The defendant Carpenter appeals under three assignments of error: (1) the court erred in decreeing that the plaintiff had a thirty-foot easement over the lands of the defendant; (2) the court erred in holding that regardless of how narrow the existing road is, that no change in the original thirty-foot easement had occurred; and (3) the court erred in decreeing that the defendant was encroaching upon the easement of the

plaintiff and, in ordering the removal of the defendant's fence.

## I.

There is little or no dispute as to the material facts, and we adopt the statement of facts as set out in the appellee's brief, as follows:

"Prior to March 7, 1916, the property now owned by the appellant and the appellee was a part of a larger tract which constituted a portion of the estate of W. R. Hill, deceased. By decree of the County Court of Tipton County, Tennessee, in the cause of *J. W. Hill, et. al. v. Mattie Lee Hill, et. al.* the real estate of the said W. R. Hill, deceased, was partitioned in kind by said Court. At the time of the entry of the decree all of the heirs at law of W. R. Hill were a party to said lawsuit.

"The decree of partition set apart a tract to W. R. Hill's widow known as the Clyde Hill dower tract, and in addition thereto set apart a tract to Neiva Prichard. The decree of the County Court, in the partition suit referred to above, also set apart out of the Clyde Hill dower tract an easement 30 feet in width as a means of ingress and egress for the Neiva Prichard tract and a tract known as the Joe Hill tract.

"By subsequent conveyances the Neiva Prichard tract was sold first to Charles and Bessie Edminston and then by Bessie Edminston to the plaintiff, Edminston Corporation. Each of said conveyances conveyed the 30 foot easement across the Clyde Hill dower tract allotted in the partition decree as a means of egress and ingress to the so called Neiva Prichard tract. The roadway across the Clyde Hill dower tract has remained in its present state since the partition except for one slight deviation around a wash in the year 1938 which was acquiesced in by the then owner of the Clyde Hill dower tract.

"After the demise of Mrs. Clyde Hill the owners of the tract known as the Clyde Hill dower tract, which was encumbered by the decree of the County Court in the cause of *J. W. Hill v. Mattie Hill* with the 30 foot easement in favor of the tract now owned by the appellee, sold the tract to a land developer. The land developer then subdivided the Clyde Hill dower tract into smaller tracts which abutted the 30 foot easement granted in favor of the property owned by the appellee. By various subsequent conveyances the appellant, Estelle Carpenter, became the owner of one of said tracts which abuts the 30 foot easement upon the north side. The legal description to the tract ultimately conveyed to the appellant goes to the center of the roadway but makes no exception therefrom for the right of way occupied by said road."

■ The chancellor found, and we agree, that the south line of the defendant's tract is the center line of the now existing road and that the tract owned by the defendant is encumbered by that part of the thirty-foot easement, being 15 feet in width, which lies north of the center line of the road.

## II.

The defendant advances the following arguments: (1) the County Court had no authority to set aside the easement in the partition lawsuit, (2) the thirty-foot easement was decreed as an easement by necessity; and, therefore, under T.C.A. § 54–1901, the road could not have exceeded fifteen feet in width; defendant insists further that there has been a reversion of a portion of the original thirty-foot easement under T.C.A. § 54–1917, (3) and, that if the decree in the partition suit in fact established a county road, the maintenance by the County of a road narrower than the width of the easement has resulted in a discontinuance of the public easement over the portion of the land not maintained as an actual roadbed.

■ The right to have partition of land is given by T.C.A. §§ 23–2101 through 23–2152. By Section 23–2106, the county court is given concurrent jurisdiction to effect partition. There is no express statutory authority for a court to declare easements in a partition lawsuit. It is rather apparent, however, that situations will arise in a

partition which require that easements for the purposes of ingress and egress be created to insure that the recipients of their allotted tracts receive the full benefit and enjoyment of their property. We are not cited to a Tennessee decision on the question, but we adopt the reasoning in the early case of *Cheswell v. Chapman* (1859) 38 N.H. 14, wherein the court, after noting that none of the statutes specifically vested power in any of the courts making a partition to grant an easement, went on to state that the authority "is necessarily implied in the grant of jurisdiction to make partition . . . because in numerous cases, a judicious and convenient partition could not be had without it." We conclude that the County Court of Tipton County had the authority and jurisdiction to grant the easement.

The defendant argues that the rights of the plaintiff are governed by the statutes prescribing the mode and method of obtaining an easement by necessity. There was no attempt by anyone to obtain an easement by necessity. The easement was created pursuant to partition, and it is not in any manner limited or restricted by the statutes [T.C.A. § 54–1901 through 54–1917] governing easements by necessity.

 We hold that the easement set out by the county court decree is, in effect, an easement by grant. T.C.A. § 23–2123 provides in relevant part, as follows:

Confirmation of Report—Decree—Upon the coming in of the report, unless set aside for good cause shown, upon exception, the court shall confirm the same, and divest and vest title according to its terms.

No exception to the Commissioner's report is shown. When the decree was entered divesting and vesting title to the various parcels as partitioned and declaring the thirty-foot easement across the dower tract in favor of the tract now owned by the plaintiff, that decree created an easement by grant the same as if it had been conveyed by an owner of the dower tract. The defendant claims her tract through successive conveyances from the parties to the partition lawsuit, and she has no standing to now collaterally attack the decree which is the source of her title.

 The defendant's insistence that there has been an abandonment of that area of the thirty-foot easement not encompassed within the present 15 foot wide roadbed is without merit. "Mere nonuser, however long continued, affords no sufficient evidence of abandonment of an easement created by express grant." *Boyd v. Hunt* (1899) 102 Tenn. 495, 52 S.W. 131. The abandonment of an easement like the abandonment of any property right, must be accompanied by the requisite intent to abandon. *State ex rel Phillips v. Smith* (1950) 34 Tenn.App. 488, 241 S.W.2d 844; *Cottrell v. Daniel et al* (Tenn.App.1947) 205 S.W.2d 973. The proof totally fails to establish an abandonment of the thirty-foot easement. To the contrary, the easement has been continuously used for the purposes for which it was created in 1916. For the past 10 to 15 years the county has graded, graveled and maintained a road about 15 feet wide on the easement. It is not necessary that the entire thirty-foot width be actual roadbed.

It results that the decree of the chancellor is affirmed. This lawsuit is remanded to the Chancery Court sitting in Tipton County, Tennessee for the enforcement of the decree there entered. The cost of this appeal is adjudged against the defendant-appellant, for which execution may issue.

CARNEY, P. J., and NEARN, J., concur.