**Alfred C. SCHMUTZER, et ux., Plaintiffs-Appellants,**

v.

**Mrs. Frank SMITH, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 6, 1984.

Permission to Appeal Denied by Supreme Court Oct. 29, 1984.

David B. Maxwell, Sevierville, for plaintiffs-appellants.

James A.H. Bell, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this action, plaintiffs sought to enjoin the construction of a roadway across their property and damages due to defendant's alleged trespass. The trial court dismissed the suit, finding "there is an easement and right-of-way on and over the lands of the original plaintiffs as it is presently situated." Plaintiffs [1] have appealed.

The evidence establishes defendant acquired her land by deed dated November 20, 1936, from Roy C. Marshall and wife. Included in her deed is this provision:

It is further agreed and understood that this deed conveys to the party of the second part an easement or right-of-way over the lands of the parties of the first part so that the party of the second part may reach the public highway from her land, as well as an easement to use the bridge crossing the river, which easement and right-of-way above referred to shall extend to the present owner over and upon roads and trails as they are now located.

Plaintiffs purchased the land in dispute, approximately four-tenths of an acre, from the widow of Roy C. Marshall in 1963, and their deed includes this provision:

The grantor conveys herewith all rights of access to the above described property owned by her, and this conveyance is made subject to the public path and to the easement for access conveyed to Mrs. Frank Smith by deed dated November 20, 1936, and of record in Book 73, page 121, Register's Office, Sevier County, Tennessee, to which reference is here made.

Shortly after defendant purchased her property, she constructed a cabin and her grantor provided a so-called service road across the tract now in dispute to the construction site. The evidence preponderates that at the time defendant purchased her property there was one footpath across the property now in dispute and an old log or sled road. The evidence further preponderates, as determined by the chancellor, that the road graded by defendant is basically on location of the old log or sled road as it existed at the time defendant acquired her easements. The evidence further establishes the gradient of the service road constructed by defendant's grantor is such that the situs is impractical for use as a means of ingress and egress. Witnesses, including a surveyor offered by the plaintiff, agree that the location of the road, as improved by defendant, is the "best practical" and "most logical place for the road."

■ Plaintiffs, in their brief, devote considerable argument to the proposition that T.C.A., § 54–14–101, *et seq.*, establish the procedures for locating rights-of-way across adjoining landowners' property. Plaintiffs' reliance on these statutes and

---

1. Plaintiff, Alfred Schmutzer, Sr., died during the course of the litigation and his estate was substituted as a party.

the cases cited relative thereto are misplaced since the easements in the instant case were created by an express grant and the statutory scheme for establishing a right-of-way by necessity has no application or relevance. *Edminston Corp. v. Carpenter,* 540 S.W.2d 260 (Tenn.App. 1976).

■ Plaintiffs also argue the right-of-way as constructed by defendant increases the burden on plaintiffs' land since defendant extended the roadway across a third party's lands to join her property from the rear. We agree with plaintiffs that an easement may not be used by the dominant owner for any purpose unconnected with the enjoyment of his estate. *Adams et ux. v. Winnett et ux.,* 25 Tenn.App. 276, 156 S.W.2d 353 (1941).

■ The record establishes in 1950 defendant purchased another parcel at the rear of her property from a third party, which affords access to the rear of her property. The purpose of defendant's easement is to provide a means of ingress and egress to her property and this use of the easement by the defendant does not increase the burden on plaintiffs' property. Plaintiffs' argument that construction of the roadway invites trespass over plaintiffs' property by third parties is not material to the issue before the court.

■ Finally, plaintiffs argue defendant was not entitled to construct the roadway and the court should not condone "a precedent of self-help." In this connection, the defendant testified plaintiffs constantly "put me off for years" about developing and improving her right-of-way and eventually her needs were such that she proceeded with the construction to make the roadway usable. One owning a right-of-way may take the necessary steps in preparing an easement for proper use, including grading, graveling or paving. 25 Am. Jur.2d, *Easements and Licenses,* § 85.

We affirm the judgment of the trial court and remand, with costs assessed to appellants.

PARROTT, P.J., and SANDERS, J., concur.