LYNN *v.* TURPIN.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

385

GOODWIN &. BABCOCK, of Lenoir City, for appellant.

DANNEL & FOWLER, of Loudon, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed to enjoin the Defendant from taking water from a well on the land of the Complainant, and the rights of the parties are determined by deciding whether reservations in certain deeds, create a personal license (easement in gross, 28 C. J. S., Easements, sec. 4, page 634) or an easement appurtenant. By consent, the hearing below was on bill and answer, and the Chancellor granted the relief sought. The Defendant appealed.

In 1943, Evern Rogers and wife owned a three-acre tract of land in the 2nd Civil District of Loudon County. On one part of the tract was a well which supplied the only convenient water for domestic use, and of the other part of the tract was the dwelling house where Rogers lived. On the 26th of April 1943, Rogers and wife conveyed one acre containing the well, to Criss Moore and wife. The warranty deed evidencing the conveyance, contains the following provision immediately after the description:

"The above property is a part of the Henry Cornett property that was conveyed to Evern Rogers, and wife on the 27th day of July, 1942, Evern Rogers is to have

the privilege to get water from the well on this property sold to Criss Moore with the hereditaments and appurtenances thereto appertaining, hereby releasing all claims to Homestead and dower therein. To Have And To Hold the said premises to the said parties of the second part, their heirs and assigns forever.''

There is no language to indicate a separation of the reservation of the water rights from the absolute conveyance of the *habendum*.

After several *mesne* conveyances, the Complainant has acquired title by warranty deed. The same provision with regard to water rights is incorporated actually or by reference, in all deeds through which Complainant traces her title back to Rogers and the provision is incorporated expressly in the warranty deed by which Complainant acquired title from McDaniel. Further, since Complainant's ownership, she and her husband executed a trust deed on the property which contained the identical clause for the reservation of water rights.

The history of the Defendant's acquisition of the alleged dominant tenement containing the dwelling house may be briefly stated. On May 8, 1943, Rogers transferred this tract to Tinnell by a warranty deed which contained the following provision:

''This Deed also includes the water right to the well reserved in the Criss Moore deed.''

The two-acre tract containing the dwelling house changed hands a number of times and was finally bought by the Defendant. All deeds of conveyance contained the same provision for water rights as that quoted above from the deed from Rogers to Tinnell.

The only question presented by the appeal is a decision whether as Complainant insists, the right to water was a

personal license (easement in gross) which Rogers reserved for himself and which was not transferable, or whether as Defendant insists, the right was an easement appurtenant which passed with the title to the two-acre tract to the benefit of the several owners subsequent to Rogers, and which right is now vested in the Defendant.

■ Our decision is controlled by *Goetz* v. *Knoxville Power & Light Co.*, 154 Tenn. 545, 290 S. W. 409, where, in an opinion by Judge SWIGGART, which has become a leading authority in this and other jurisdictions, it is held with much supporting authority, that construction of a questioned clause as creating an easement appurtenant, and not an easement in gross, is always favored:

"We are unable to agree with this contention. The easement was created by express language in the deed conveying the hotel tract, adjoining the park property. *It follows immediately the description of the property conveyed and precedes the habendum clause of the deed.* The value of the easement to McBee arose out of the fact that he was the owner of the adjoining property. We have not found any case in which it was held that such an easement, created by a deed conveying property abutting such a park, is an easement in gross and not appurtenant to the property conveyed, and the rule that an easement is not to be presumed to be in gross, when it can fairly be construed to be appurtenant, seems to be well established." 154 Tenn. at page 561, 290 S. W. at page 414. (Emphasis ours.)

It is to be borne in mind in the present case, that by the answer it was made to appear that the water was necessary to the proper enjoyment of the dominant tenement and that the water on the servient tenement was the only available and convenient water supply.

· ". . . an easement in gross is not favored, and an easement will never be presumed to be a mere personal right when it can fairly be construed to be appurtenant to some other estate." 28 C. J. S., Easements, sec. 4, page 638; *Goetz* v. *Knoxville Power & Light Co., supra.*

■ Since the right is created by a clause in deeds, the paramount rule obtains that the intention of the parties is controlling as that intention is found to be evidenced by the language of the deed and the circumstances surrounding the conveyance. 28 C. J. S., Easements, sec. 4, page 636. Under this rule the right to use water was held to be an easement appurtenant in the following cases: *Bissell* v. *Grant*, 35 Comm. 288; *McCoy* v. *Chicago, M. & St P. R. Co.*, 176 Iowa, 139, 155 N. W. 995; *Holyoke Water Power Co.* v. *Whiting & Co.*, 276 Mass. 528, 177 N. E. 568; *Weigold* v. *Bates*, 144 Misc. 395, 258 N. Y. S. 695; *Spensley* v. *Valentine*, 34 Wis. 154.

The following rules taken from Jones on Easements, were cited and approved in *Goetz* v. *Knoxville Power & Light Co., supra*:

"As easement is never presumed to be in gross when it can fairly be construed to be appurtenant to some estate. 'If it be in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant to the land, and not an easement in gross, the rule for the construction of such grants being more favorable to the former than to the latter class. (sec. 47) . . .

. . . . . . .

"An easement which by grant, reservation or prescription is appurtenant to land is not a mere privilege

to be enjoyed by the person to whom it is granted or by whom it is reserved. It passes by a deed of such person to his grantee and follows the land without any mention whatever.'' (sec. 22) Jones on Easements, sec. 47, p. 36, and sec. 22, p. 18.

■■ If there be a dominant tenement to which the easement may conveniently attach and if the easement will add to the proper use and enjoyment of such dominant tenement, then the questioned clause will be construed to create an easement appurtenant, rather than a personal license or easement in gross. *McMahon* v. *Williams*, 79 Ala. 288; *Jones* v. *Deardorff*, 4 Cal. App. 18, 87 P. 213; *McCoy* v. *Chicago, M. & St. P. R. Co.*, 176 Iowa 139, 155 N. W. 995; *Willets* v. *Langhaar*, 212 Mass. 573, 99 N. E. 466; *Smith* v. *Garbe*, 86 Neb. 91, 124 N. W. 921, 136 Am. St. Rep. 674, 20 Ann. Cas. 1209; *Smith* v. *Furbish*, 68 N. H. 123, 44 A. 398, 47 L. R. A. 226; *Weigold* v. *Bates, supra; Sweetland* v. *Grants Pass New Water, Light & Power Co.*, 46 Or. 85, 79 P. 337; *Lindenmuth.* v. *Safe Harbor Water Power Corp.*, 309 Pa. 58, 163 A. 159, 89 A. L. R. 1180; *Cadwalader* v. *Bailey*, 17 R. I. 495, 23 A. 20, 14 L. R. A. 300; *Pioneer Sand & Gravel Co.* v. *Seattle Construction & 'Dry Dock Co.*, 102 Wash. 608, 173 P. 508; *Spensley* v. *Valentine, supra.* Numerous authorities to support this proposition are collected in cases reported at 89 A. L. R., page 1188, and 55 A. L. R., page 1540. In determining the intention of the parties, subsequent deeds of the dominant and servient tenements are competent. *Stevens* v. *Powell*, 152 Md. 604, 137 A. 312.

The case of *Wentworth* v. *Philpot*, 60 N. H. 193-194, upon which the Appellee relies, is definitely in conflict with our case of *Goetz* v. *Knoxville Power & Light Co.*,

*supra,* and this old New Hampshire Case (1880) seems to be unique and without parallel. The opinion is very short and no facts are clearly stated, but apparently, because of the fact that the water right was not shown to be necessary or convenient to the use and enjoyment of the dominant tenement, and there were no specific words of transferability or inheritance, the grant was held to create an easement in gross, and not an easement appurtenant. On the other hand, the case of *Witt* v. *Jefferson,* 13 Ky. 746, 18 S. W. 229, is essentially identical with the case before us here, and is in accord with *Goetz* v. *Knoxville Power & Light Co., supra.* The opinion in the *Goetz Case* adopted the majority rule in Tennessee, and controls our decision here.

Reversed and dismissed at Complainant's cost.

All concur.