STATE ex rel. PHILLIPS, Commissioner of Highways, v. SMITH.—241 S. W. (2d) 844.

Western Division. September 27, 1950.

Petition for Certiorari denied by Supreme Court, December 9, 1950.

Frank L. Hollis, of Camden, for petitioner, Benton County.

Robert T. Kennerly, Asst. Atty. Gen., and O. L. Peeler, of Camden, for the State ex rel. Phillips, Commissioner of Highways.

Frazier & Frazier, of Camden, for defendant Smith.

ANDERSON, P. J. This is a suit brought by the State Commissioner of Highways and Public Works to enjoin the defendant Smith from placing waste matter and trash upon, and exercising acts of ownership over a portion of the right-of-way of State Highway No. 1. The Chancellor granted the relief prayed for and the defendant appealed.

The right-of-way was acquired by a consent decree entered in a condemnation suit pending in the Circuit Court of Benton County, Tennessee, styled Benton County

v. Republic Creosote Company and Fred Ballard. The defendant admits that the right-of-way in question had been acquired by the State in a condemnation proceeding but he contends that it had been abandoned.

At the time of the condemnation proceeding, Fred Ballard owned the fee to the area in question. He was a party to the condemnation suit. The strip, said to contain three acres more or less, is located just west of Camden, Tennessee. While the evidence is not precise on the point, a portion of it at least seems to be within the corporate limits of the municipality. If not, the strip is immediately adjacent thereto. It was acquired by the State in connection with the re-location of Highway No. 1. It lies between the new location and the old road to the north. It is said to extend 790 feet along the new highway and to be 40 feet wide on the east side and 75 feet on the west side, including and excluding two access roads leading from the new highway north across said area to the old highway.

The defendant Smith claims to have acquired the land by deed from Fred Ballard et ux. on the 14th day of October, 1947. The deed recites, among other things, that, ''The lot or parcel of land herein described is a part of the real estate acquired by Benton County for the use and benefit of the State of Tennessee for highway purposes under and by virtue of a compromise judgment entered into by the parties in the case of Benton County v. Republic Creosote Company at the September Term of the Circuit Court of Benton County, Tennessee, said portion of said condemned acreage being that part which has not been, and is not being used for highway purposes, and which therefore reverted to the claimants herein as the owners of the basic fee'',

In executing the conveyance to the defendant Smith, Ballard did not undertake to convey all of the land that had been condemned but omitted from the conveyance a strip 50 feet wide lying adjacent to the new pavement on the north as a right-of-way for the state highway. It appears to be his insistence that a right-of-way of 100 feet in width, 50 feet on each side of the pavement, is all that the state needs or is using as a right-of-way, and that all of the remainder of the strip that was used for highway purposes has been abandoned. He seems to reason that on the highway from Camden east to the Tennessee River a right-of-way only 100 feet wide was acquired, and that therefore the right-of-way through his property west of Camden is automatically limited to 100 feet regardless of the amount acquired by the consent decree entered in the condemnation proceeding.

The necessity for a right-of-way of the size taken was settled in the condemnation proceeding and it cannot be relitigated in this one.

But the principal contention is that even so, the state must be held to have abandoned all of the area in question north of the new highway except a strip 50 feet wide immediately adjacent thereto. The circumstances relied upon as constituting abandonment are substantially as follows:

At the time the highway was re-located the land to the north of the old highway in the vicinity in question, was owned by Bedford Hall, R. H. Wismer and W. C. Ballard. Each could enter the said highway from any point on the south margin of his tract. Bedford Hall had sold about 40 feet off the west side of his tract to the Tennessee Valley Authority. Wismer had constructed a tourist court on his property.

When the new highway was constructed, the state built two access roads leading north from it to the old highway as a means of access for those who owned the property fronting on that thoroughfare. The two access roads are 500 or 600 feet apart. One is between the lands of Hall and Wismer and the other between lands of the latter and those owned by W. C. Ballard. The area in controversy lies between these two access roads, one on the east and one on the west, and between the old highway on the north and a line 50 feet north of the new highway on the south.

There was a ditch or depression between the new highway and the old highway and in the area in front of Wismer's property. With the permission of the state, Wismer filled this in, built a black-top circle drive and beautified the area by planting a hedge and grass. He also drained it with tile.

The Tennessee Valley Authority also put in some tile to drain the right-of-way in front of its property and constructed a driveway from it to the new highway.

It seems to be the defendant's contention that the area in front of Wismer's property and between the two access roads is not being used by the state but by Wismer in connection with his tourist court business, and that in permitting this use by Wismer the state abandoned its easement or so much of it as is being so used. We do not agree. With reference to what will constitute abandonment in an easement, the Supreme Court, in the case of Boyd v. Hunt, 102 Tenn. 495, 499, 52 S. W. 131, said: "Further, that mere nonuser will not amount to an abandonment which will impair or defeat an easement . . . The failure to use must be accompanied by some act of the owner of the dominant estate clearly indicating his purpose to set up no further claim in order to work

abandonment. Washb. Easem. [& Ser.] pp. 707-717. And the cases as well as textbooks concur in the proposition that this is true, especially as to easements created, as the one in controversy was, by grant. Curran v. City of Louisville, 83 Ky. 628; Kuecken v. Voltz, 110 Ill. 264; Wiggins v. McCleary, 49 N. Y. [346] 348; Bombaugh v. Miller, 82 Pa. [203] 208; 2 Washb. Real Property, p. 312. In Dill v. Board of Education, 47 N. J. Eq. 421, 20 A. 739 [10 L. R. A. 276], it was held that nonuse alone, for any length of time, will not extinguish an easement created by express grant, and that to accomplish this result there must be nonuse accompanied by 'some conduct on the part of the owner of the servient tenement adverse to and defiant of the easement, and the nonuse must be the result of it.' " See also, Woods v. Bonner, 89 Tenn. 411, 18 S. W. 67; Phy v. Hatfield, 122 Tenn. 694, 126 S. W. 105; Smelcer v. Rippetoe, 24 Tenn. App. 516, 147 S. W. (2d) 109.

Wismer's property fronted 500 feet on the old highway and, as said, he could enter that thoroughfare from any point on his southern line. What he has done is no more than to create the same situation with respect to the new highway by filling in the depression and constructing a circular driveway in front of his property. In other words, he now has the same access to the new highway from his property that he had to the old thoroughfare.

 It is not necessary to hold that the improvements made by Wismer and the use by him of the area did not constitute an additional burden on the fee. There is presented only the question of whether in permitting the construction of the improvements by Wismer and the use of the area by him as above specified, the state authorities manifested an intention to abandon the right-of-way. This question must be answered in the negative.

Even an unlawful encroachment placed upon a public highway will not constitute an abandonment of the easement of the public. 39 C. J. S., Highways, Section 133, p. 1070; 29 C. J. 539, Sec. 254; Hill v. Hoffman, Tenn. Ch. App., 58 S. W. 929. Much less will abandonment result from the permission of competent authorities to use the easement in a manner not inconsistent with the purpose of a highway or its use, and which is not in derogation of the rights of the public. Cf. Hardy v. Mayor, etc., of City of Memphis, 57 Tenn. 127.

In the present case it cannot be contended successfully that the act of Wismer in filling up the ditch or depression on the right-of-way was an interference with the rights of the public. Upon the contrary, the effect, if anything, was to promote safety of travel along the paved portion of the road. Nor was his beautification of the area and the construction of the circular driveway giving an additional means of ingress and egress adverse to the rights of the public. It may be that in years to come the state will require an additional portion of the right-of-way in order to widen the pavement. If so, the area will be available. In the meantime, under its general power to control its highways, the state has authority to authorize any use of the right-of-way consistent with the purpose of the highway and not in derogation of the rights of the public or those of the abutting landowners.

The defendant relies upon the recently decided case of Clouse v. Garfinkle, 190 Tenn. 677, 132 S. W. (2d) 345. In that case the City of Nashville, by a consent decree entered in a condemnation proceeding, acquired certain rights in a piece of land for street purposes. All of the land was not needed for the improvements, and when the street was completed, the city passed an ordinance declaring that the part not needed was abandoned and there-

after for a valuable consideration undertook to convey that portion to Garfinkle. The defendant insisted that in the condemnation proceeding the City acquired only an easement in the property and that the adoption of an ordinance and the conveyance to Garfinkle amounted to an abandonment. The City insisted that upon a proper construction of the consent decree entered in the condemnation proceeding it acquired the fee to the property and therefore had a right to dispose of that part of it not needed for street purposes. The majority of the Court held that upon a proper construction of the language of the decree the City acquired only an easement and not the fee to the property, and that the passage of the ordinance authorizing the sale amounted to an abandonment, as a result of which the property reverted to the original owner.

The pivotal point in the case was the construction of the consent decree,—that is, whether it vested the fee in the City, or only an easement. There seems to have been no question but what, if the City had only an easement, the adoption of the ordinance and the attempted conveyance to Garfinkle amounted to an abandonment.

The present case presents no such situation. In view of the decision in the Clouse case there can be no serious contention that more than an easement was acquired by the consent decree in the condemnation proceeding. Hence the issue here is as to whether there was an abandonment. Upon this issue the Clouse case is not in point. There has been no attempt to sell any part or interest in the right-of-way acquired in the condemnation proceeding. Upon the contrary, the State Highway Department has continuously and vigorously asserted its rights. The right-of-way was acquired in September, 1947, and was promptly marked with standard concrete. mark-

ers. The deed of Ballard and wife purporting to convey the tract to the defendant Smith was executed October 24, 1947. The present injunction suit was filed by the Commissioner of Highways and Public Works on November 3, 1947, less than two months after the title to the right-of-way was vested by the consent decree in Benton County for the use of the Highway Department of the State.

We hold, (1) that the necessity of a right-of-way of the size acquired in the condemnation proceeding was conclusively settled by the consent decree in that case and is not open for consideration in the present one; and (2) that there is no evidence indicating a purpose to abandon the right-of-way so acquired or any part of it.

The result is the decree of the Chancellor is affirmed at the cost of the defendant.