Carl W. MILLER and wife, Barbara N. Miller, Plaintiffs-Appellants,

v.

Richard STREET, Harold Street and Sally Street, Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Oct. 14, 1983.

Permission to Appeal Denied by Supreme Court Jan. 23, 1984.

Lodge Evans and David F. Tucker, Jr., Elizabethton, for plaintiffs-appellants.

Rondal B. Cole and George F. Dugger, Jr., Elizabethton, for defendants-appellees.

## OPINION

FRANKS, Judge.

In this dispute between adjacent landowners in Carter County, the chancellor determined the Streets had a right-of-way to a spring and right to use water for domestic purposes from the spring located on Millers' land.

The parties derived their respective titles from a common grantor in the 1930's. This description appears in the Streets' prior deeds:

> The second party [Street] is to have a right of way 12 feet wide to the creek for the use of water for stock. All so [sic] the second party is to have the use of spring and spring house and a right of way to said spring.

On appeal, the Millers argue the language in the deed does not grant an easement, the description of the easement is inadequate, the easement had been abandoned and assuming, *arguendo,* an easement existed, the use of the spring by the Streets as authorized by the chancellor was improper.

■ The Millers argue the description in the deed is inadequate and to be valid a description must be definite, citing *Nunnelly v. Southern Iron Co.,* 94 Tenn. 397, 29 S.W. 361 (1895). We cannot agree. The test of adequacy of description is whether a surveyor, from the description, could locate the property. *Wallace v. McPherson,* 187 Tenn. 333, 214 S.W.2d 50 (1947). Moreover, parol evidence is admissible to show the location of the land which fills the description in the deed. *Ragsdale v. McFall,* 145 Tenn. 684, 237 S.W. 66 (1921).

■ The deed refers to a spring and spring house on the property owned by the original grantor. There is ample evidence to establish the location of the spring and spring house as it relates to the description in the deed and, as the chancellor observed, the Streets and the Streets' tenants have used water from this spring for more than 40 years continuously. The description would allow a surveyor to locate the property. We conclude the description is not so indefinite as to make it impossible to locate the land so as to defeat the conveyance.

■ The Millers also insist the description of the servient estate is inadequate thereby voiding the conveyance, relying upon *Nunnelly, supra.* In *Nunnelly,* the court noted since an instrument creating an easement is within the operation of the Statute of Frauds, the instrument must contain a sufficient description of the premises. However, the court in *Nunnelly* held valid a description similar to the description in the deed before us. The *Nunnelly* deed listed the county, that the land was adjacent to a coal company and the easement was limited to the area of a creek. In the instant case, the deed establishes the land is in Carter County and concerns property owned by the original grantor which contained a creek, spring and a spring house. This description meets the test applied in *Nunnelly.*

■ As to the Millers' argument that Street had abandoned the easement, the chancellor determined the Streets had used the spring from the time of the grant on a continuing, albeit irregular, basis. An abandonment is only established by clear, unequivocal evidence of an intent to abandon. *Cottrell v. Daniel et al.,* 30 Tenn.App. 339, 205 S.W.2d 973 (1947). The evidence does not preponderate against the chancellor's determination. T.R.A.P., Rule 13(d).

Further, Millers argue assuming, *arguendo,* the requirements for the easement are otherwise met, the easement does not authorize the Streets to lay a pipe to the stream and place a reservoir on the spring.

■ In *Mize v. Ownby,* 189 Tenn. 207, 225 S.W.2d 33 (1949), the Supreme Court stated the owner of an easement cannot materially increase the burden on the servient estate but may make improvements which do not affect its character. In this connection, the chancellor said defendants' use of the spring and water "is in keeping

with the technological advances of the time and that the modern method of creating a sanitary reservoir and piping water to the house by hose or metal pipe is reasonable and proper under the circumstances." The change from carrying water in buckets by hand to this modern technique did not add to the burden on the servient estate.

 Finally, the Millers take issue with the chancellor's ruling that the Streets have the primary right to use the water for domestic purposes and the Millers are entitled to the remainder. On this issue the intent expressed in the deed controls. *Foshee et al. v. Brigman,* 174 Tenn. 564, 129 S.W.2d 207 (1939). In this connection the chancellor determined:

> [I]t was the intent of the parties in creating this right that the dominant tenant would have the right to receive water for domestic purposes and the Court finds that to be for household purposes as the deed gives a right of way to the creek for water for domestic animals. If the easement's right is to be of value and of use to the dominant tenant then the rights to receive water sufficient for domestic purposes should not be interfered with by the subservient tenant. Therefore, the Defendants have a primary right to use water from this spring for domestic or household purposes. If there is sufficient water after the Defendants have their use of the spring, whatever water is left over could be used by the Plaintiffs.

We agree with the chancellor. *See Yates v. Metro Gov., Nashville & Davidson Co.,* 60 Tenn.App. 719, 451 S.W.2d 437 (1969).

We affirm the judgment of the chancellor, assess cost of appeal to the appellants and remand.

PARROTT, P.J., and GODDARD, J., concur.