# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

MARY F. HALL and        )
DON K. HALL,            )
                           )
        Plaintiffs/Appellees,   )    Putnam Chancery
                           )    No. 93-731
VS.                   )
                           )    Appeal No.
MARY ROSE PIPPIN and   )    01A01-9609-CH-00439
DALE DELANEY,          )
                           )
        Defendants/Appellants.  )

**FILED**

**September 23, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT
FOR PUTNAM COUNTY
AT COOKEVILLE, TENNESSEE

THE HONORABLE VERNON NEAL, CHANCELLOR

For Plaintiffs/Appellees:

Manuel F. Edwards
Cookeville, Tennessee

T. Michael O'Mara
Cookeville, Tennessee

For Defendants/Appellants:

William R. Draper
Cookeville, Tennessee

Thomas F. Bloom
Nashville, Tennessee

Jerry Scott
Murfreesboro, Tennessee

William Capelle Keaton
Hohenwald, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal stems from a dispute between neighbors over the use of an old road in rural Putnam County. After the owners of one tract began to erect a fence across the road, the owners of the neighboring tract filed suit in the Chancery Court for Putnam County seeking injunctive and declaratory relief concerning their right to continue to use the road to gain access to their property. The trial court heard the case without a jury and determined that the disputed road ran along the roadbed of an old public road and that the abutting landowners had not abandoned their use of the old road even though it had ceased being used by the general public. Accordingly, the trial court granted the plaintiff landowners an easement over the portion of the defendant neighbors' property where the old road ran. On this appeal, the defendant neighbors assert that the old road had been abandoned by both the general public and the abutting landowners. Accordingly, they insist that the old road could not supply a basis for an easement. We have determined that the judgment should be affirmed.

## I.

The disputed property in this case lies approximately half way between the towns of Baxter and Boma in rural Putnam County. Carmel and Nettie Allison purchased the property at a judicial sale in June 1942. Six years later, they sold a 55-acre tract to Iva and Minnie Lowe. At that time, the property was bordered on the east by a railroad right-of-way; on the north, by property owned by the Allisons; and on the west by an old country road variously known as the "Elmore Road," the "old Boma- Baxter Road," the "road to Elmore Town," or the "old Buffalo Valley Road."

In January 1973, Floyd and Belle Herron purchased the 12 to 15-acre tract immediately north of the 55-acre tract and west of the old Boma-Baxter Road. At the same time, the Herrons and their son purchased other property to the east of old Boma-Baxter Road intending to build several homes for resale. The 12 to 15-acre tract contained a house built by Carmel Allison and on the northern boundary of the property was a road built by Mr. Allison to provide access to Old Baxter Road which was located to the west of the railroad right-of-way. This road, known as Friendly

Road, ran from east to west. Its western end intersected with Old Baxter Road, and its eastern end intersected with the old Boma-Baxter Road.

In 1974, Mr. Herron began to construct a house on a tract east of the old Boma-Baxter Road. After deciding that Friendly Road would provide the best access to the property, he undertook to improve a portion of the old Boma-Baxter Road south of its intersection with Friendly Road. This portion of the old road ran essentially from north to south. Because the old road had been little used over the preceding decades, Mr. Herron was required to grade and gravel it to make it passable. Mr. Herron's improvements to the old Boma-Baxter Road ended at the northern boundary of the 55-acre tract of property. The improved portion of the old Boma-Baxter Road came to be known as Friendly Drive.

Arnold and Helen Bean purchased the 55-acre tract in September 1972.[1] The property was still undeveloped farm property. In November 1980, the Beans purchased a 3.48-acre tract immediately to the north of 55-acre tract.[2] During the time he owned the property, Mr. Bean used a relatively short dirt roadway extending south from the end of the improved portion of Friendly Drive to drive his tractor to a barn located on the northern portion of the 55-acre tract.

In 1985, the Beans entered into a land sale installment contract with Don and Mary Hall for the 55-acre tract.[3] At that time, the property could be accessed only two ways - either from the Old Baxter Road to the west or from Friendly Drive on the north using the graveled extension of Friendly Drive that had been used by the Beans while they owned the property. The Halls continued to use the graveled extension to gain access to the barn. When the Halls constructed a log home on their property in the late 1980's, they obtained permission from the owners of the 3.48-acre tract to

_____

[1] The Lowe family sold the property to Cecil and Myrtle Qualls in May 1967. In 1972, after her husband's death, Ms. Qualls sold the property to the Beans.

[2] This 3.48-acre tract was a part of the 12 to 15-acre tract originally purchased by the Herrons in 1973. The Herrons sold 3.48 acres of this tract in 1979 to the Selmeks. In May 1980 the Selmeks sold the 3.48-acre tract to Edgar Sisco and Judy Stafford. Six months later, in November 1980, Mr. Sisco and Ms. Stafford sold the property to the Beans.

[3] The Halls eventually recorded their deed to the property in April 1993 after completing their payments to the Beans.

install a culvert along the graveled extension from Friendly Drive, and they also extended the gravel extension from the end of Friendly Drive to their new house.

In the meantime, Mary Rose and Robert Pippin decided to move back to the Baxter area and requested Ms. Pippin's son, Dale Delaney, to look out for suitable property. Mr. Delaney discovered that the 3.48-acre tract was available, and in November 1993, the Pippins purchased the property from the Bohns who had purchased it from the Beans seven years earlier. Prior to the sale, Mr. Bohn told the Pippins that the graveled lane extending south from the end of Friendly Drive was on their property and that they could do anything with their property that they desired. No one mentioned the old Boma-Baxter Road, and when the Pippins examined the records in the register's office, they found no evidence of a recorded easement or right-of-way for the old Boma-Baxter Road or the graveled extension of Friendly Drive.

Ms. Pippin moved into the house, and Mr. Delaney apparently moved his mobile home onto the property. Shortly after moving onto the property, Ms. Pippin and Mr. Delaney began to erect a fence around their property. After Ms. Pippin installed metal fence posts across the graveled extension to Friendly Drive blocking the Halls' driveway, the Halls filed suit in the Chancery Court for Putnam County seeking an injunction preventing Ms. Pippin and Mr. Delaney from interfering with their use of the graveled extension of Friendly Drive and requesting a declaration of their continuing right to use the graveled extension.

The trial court heard the case without a jury and determined that Friendly Drive and the graveled extension of Friendly Drive lay on the roadbed of the old Boma-Baxter Road. The court also found that the old Boma-Baxter Road had been a public road, and that the old road had not been abandoned by abutting landowners even though it had fallen into desuetude as a public road. Accordingly, the trial court declared that the landowners living adjacent to the old road continued to have a legally-protected private easement over the old roadway to access their property. Thus, the trial court granted the Halls a fifteen feet wide easement across Ms. Pippin's property from the dead end of Friendly Drive south to their property. Ms. Pippin and Mr. Delaney have appealed.

## II.

The pivotal issue in this case concerns whether the record contains sufficient evidence to support the trial court's conclusion that Friendly Drive and the graveled extension of Friendly Drive that ran along the roadbed of the old Boma-Baxter Road had not been abandoned by the abutting landowners. We have reviewed the evidence presented to the trial court[4] in accordance with Tenn. R. App. P. 13(d) and have determined that the evidence does not preponderate against the trial court's conclusion that the abutting landowners had not abandoned the road.

## A.

An easement is an interest in property that confers on its holder a legally enforceable right to use another's property for a specific purpose. *See Pevear v. Hunt*, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996). Owners of property abutting a once public road continue to have a private access easement over that road to their property even after the road loses its character as a public road. *See Knierim v. Leatherwood*, 542 S.W.2d 806, 810 (Tenn. 1976). However, like any other easement, these private access easements may be abandoned. *See Jacoway v. Palmer*, 753 S.W.2d 675, 677-78 (Tenn. Ct. App. 1987); *Cottrell v. Daniel*, 30 Tenn. App. 339, 344-45, 205 S.W.2d 973, 975-76 (1947).

The party asserting abandonment of an easement must prove it by clear, unequivocal evidence. *See Miller v. Street*, 663 S.W.2d 797, 798 (Tenn. Ct. App. 1983). In order to prove abandonment, the party with the burden of proof must show not only an intention to abandon the easement but also external acts carrying that

---

[4]After this appeal was filed, Ms. Pippin and Mr. Delaney filed a Tenn. R. Civ. P. 60.02 motion in the trial court seeking to reopen the case to introduce (1) evidence of an action taken by the Putnam County Commission in 1905 purportedly closing the old Boma-Baxter Road and (2) the contents of the court file relating to the 1942 judicial sale of the properties to the Allisons. The trial court properly denied this motion on the ground that it lacked jurisdiction to consider it. *See Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). Ms. Pippin and Mr. Delaney have now requested this court to remand the case to the trial court for further proceedings. We deny the motion to remand the case. Even if the proffered evidence could be considered newly discovered evidence, its admission and consideration would not alter the conclusion that the evidence does not preponderate against the trial court's findings that Friendly Drive and the graveled extension to Friendly Drive follow the roadbed of the old Boma-Baxter Road and that the landowners residing along this area of the old Boma-Baxter Road have not abandoned the use of the road for access to their property.

intention into effect. *See Cottrell v. Daniel*, 30 Tenn. App. at 343, 205 S.W.2d at 975. Thus, nonuse of the easement by the abutting landowner or landowners is not sufficient, by itself, to prove abandonment. Nonuse must be coupled with proof that the easement holder or holders intended to abandon the easement. *See Edminston Corp. v. Carpenter*, 540 S.W.2d 260, 262 (Tenn. Ct. App. 1976); *Cottrell v. Daniel*, 30 Tenn. App. at 344, 205 S.W.2d at 975. This intention may be proved with evidence of acts clearly indicating that the easement holder desires to lay no further claim to the benefits of the easement. *See State ex rel. Phillips v. Smith*, 34 Tenn. App. 608, 612-13, 241 S.W.2d 844, 846 (1950).

Abandonment may be proved by either a single act or a series of acts. *See Smelcer v. Rippetoe*, 24 Tenn. App. 516, 522, 147 S.W.2d 109, 113 (1940). When called upon to determine whether the holder or holders of an unrecorded easement intended to abandon the easement, the courts may consider: (1) statements by the easement holder acknowledging the easement's existence and disavowing its use, (2) the easement holder's failure to maintain the easement in a condition permitting it to be used for access, (3) the easement holder's acquiescence in the acts of others that reduce the utility of the easement, (4) the easement holder's placement of a permanent obstruction across the easement, or (5) the easement holder's development of alternative access in lieu of the easement.

**B.**

The trial court heard the testimony of sixteen witnesses concerning the location of the old Boma-Baxter Road and the adjoining landowners' use of the road for the past fifty years. These witnesses included former long-time residents of the area, current residents, and professional surveyors. While memories of precise details had faded in some instances, the testimony of the present and former residents shed helpful light with regard to the issues facing the trial court.

Iva Lowe, the owner of the 55-acre tract from 1948 to 1967, testified that he used the old Boma-Baxter Road to haul hay and wood. James Stafford, a current landowner who moved to the area in 1976 also testified that another former

landowner used the old road to cut and haul wood from the 55-acre tract. In addition, Olive Jared, a long-time owner of property south of the 55-acre tract that adjoins the old Boma-Baxter Road, testified that she and her late husband used the old Boma-Baxter Road to access their property and that her late husband even maintained the old road by cutting the brush away from the roadway. More recently, Mr. Bean testified that he used the graveled portion of the old road south of Friendly Drive for access to his barn.

The location of the barn on the 55-acre tract is arguably the strongest evidence of abandonment, but not of the abandonment of the portion of the old Boma-Baxter Road material to this case. Mr. Lowe testified that in 1949 he constructed a barn over a portion of the old roadway on the 55-acre tract. However, the evidence shows that the old Boma-Baxter Road forked after it entered the 55-acre tract. One fork ran in a southwesterly direction and the other fork – sometimes referred to as the "Elmore Road" because it led to a community many of whose residents had the surname of "Elmore" – continued in a southerly direction. Mr. Lowe built his barn on the southwesterly fork of the road, and, as we understand the evidence, this portion of the road fell to disuse. This case, however, does not involve the southwesterly fork of the old road, and the record contains no evidence that the barn occluded the part of the old road at issue in this case.

The preponderance of the evidence shows that the old Boma-Baxter Road south of Friendly Drive that runs through the 55-acre tract has continued to be traveled sporadically either by vehicle of by foot from the 1930's to the present. Accordingly, we find that Ms. Pippin and Mr. Delaney have failed to prove that the disputed road is not in the same location as the old Boma-Baxter Road and have failed to present clear, unequivocal evidence that the abutting landowners have abandoned their private easement along the old road.

**III.**

Ms. Pippin and Mr. Delaney make one final argument. They assert that the doctrine of merger should prevent the Halls from claiming an easement over the portion of the old Boma-Baxter Road on their property. We have determined that the doctrine of merger does not apply to this case.

As a general matter of law, the owner of a fee simple interest in property cannot also have an easement over the same property. Thus, when the holder of an easement acquires fee simple ownership of the property, the doctrine of merger extinguishes the easement, thereby leaving only the fee simple estate. *See Vanderbilt Univ. v. Williams*, 152 Tenn. 664, 673, 280 S.W. 689, 691-92 (1926). However, the courts will normally not apply the doctrine of merger in situations where third parties have independent interests in an easement that would, apart from the merger of the interests, qualify the owner's unlimited use of the fee estate. *See Heritage Communities of N.C., Inc. v. Powers, Inc.*, 272 S.E.2d 399, 401 (N.C. Ct. App. 1980). When third parties continue to have an interest in an easement, the doctrine of merger does not operate to cut off their interest. *See House v. Close*, 48 Tenn. App. 341, 348-49, 346 S.W.2d 445, 448-49 (1961).

The uncontroverted evidence shows that Ms. Jared owns an 8-acre tract east of the 55-acre tract and south of the area disputed in this case. Her only access to her property lies along the portion of the old Boma-Baxter Road south of Friendly Drive where the Halls have created a driveway and where Ms. Pippin now wishes to build a fence. Ms. Jared continues to use the road, and accordingly, her private access easement over the entire length of Friendly Drive from its intersection with Friendly Road to Ms. Jared's property cannot be extinguished simply because the Beans owned both the 55-acre tract and the 3.48 acre tract from 1972 through 1986.

As long as Ms. Jared or the other landowners abutting the old Boma-Baxter Road continue to use the road for access to their properties, it makes little sense to invoke the doctrine of merger to extinguish the private easement rights of one landowner whose predecessors in title had used the disputed road as access to their property. Accordingly, we decline to find that the trial court erred by not applying the doctrine of merger under these facts.

## IV.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required.  We tax the costs of this appeal to Mary Rose Pippin and Dale Delaney and their surety for which execution, if necessary, may issue.

 

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE