IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2002 Session

## LESLIE MOORE, ET AL. v. JAMES DEVAULT, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-2442-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-02225-COA-R3-CV - Filed December 11, 2002**

---

Landowners sought declaratory judgment against neighboring landowners to terminate an easement over their property. The trial court granted summary judgment to the neighbors holding that the easement was an express easement appurtenant, that necessity was not a required element, and that mere nonuse was insufficient to establish abandonment of the easement. We agree with the trial court and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and JOHN A. TURNBULL, SP. J., joined.

Monte D. Watkins, Nashville, Tennessee, for the appellants, Leslie Moore, et al.

Mathew R. Zenner, Nashville, Tennessee, for the appellees, James DeVault, et al.

### OPINION

This appeal involves a dispute between two sets of neighbors, the Moores and the DeVaults, over an easement. The adjoining lands currently owned by the parties were at one time all owned by Frances A. Polk. In 1991, Ms. Polk deeded a portion of her land to the predecessors of the Moores. The portion that Ms. Polk retained in 1991 is now owned by the DeVaults. The deed by which Ms. Polk transferred the land now owned by the Moores included the following:

> Included in the above description is a 50′ right of way for the joint use of the grantor and her heirs and the grantees or their heirs and is more particularly described as an ingress - egress access easement . . . .
>
> Grantor and grantees agree to be jointly liable for maintenance and upkeep of said right of way which shall run with the land and be for the benefit of both parties.

Thus, Ms. Polk retained an easement for access over the land she conveyed. With regard to the easement, the property conveyed and now owned by the Moores was the servient tenement, and the property retained by Ms. Polk and now owned by the DeVaults was the dominant tenement. The subsequent deed to the Moores includes the above-quoted language and also states the conveyance is subject to any and all existing easements.

The Moores filed the underlying complaint for declaratory judgment to terminate the easement over their property. In support of their complaint, the Moores argued that the easement was not necessary for access to the DeVaults' property and that the easement had been abandoned by the DeVaults by nonuse. In response to the DeVaults' motion for summary judgment, the Moores asserted there was a dispute of fact as to whether the DeVaults, who are not heirs of any party to the original deed, were among the identified parties who were grantees of the easement.

The trial court granted summary judgment to the DeVaults holding that the easement was an express easement appurtenant and ran with the land to the benefit of subsequent grantees. The court further held that a showing of necessity is not required with an express easement and that nonuse is insufficient to establish abandonment. We affirm the decision of the trial court and all three holdings.

I.

An easement is an interest in another's real property that confers on the easement holder an enforceable right to use that real property for a specific use. *Bradley v. McLeod*, 984 S.W.2d 929, 934 (Tenn. Ct. App. 1998) (citing *Brew v. Van Deman*, 53 Tenn. (6 Heisk.) 433, 436 (1871)). In Tennessee, easements can be created in several ways: (1) express grant; (2) reservation; (3) implication; (4) prescription; (5) estoppel; and (6) eminent domain. *Pevear v. Hunt*, 924 S.W.2d 114, 115-16 (Tenn. Ct. App. 1996).

The easement in dispute in this case is clearly one created by express grant in the deed from Ms. Polk. She reserved the easement for access and egress in conjunction with the land she retained. Significantly, the language reserving the easement states the easement "shall run with the land." This language expresses the intent that the easement pass with the dominant tenement to successor grantees, or that the easement is appurtenant to the land which it serves.

The Moores argue that other language in the deed limits benefit of the easement to only a certain group of people, heirs of the original grantor and grantees. The Moores frame their argument as a limitation on the extent of the easement and rely on the principle that when an easement arises from a grant or reservation in a deed, the extent of the easement is determined by the language of the grant or reservation. *See, e.g., Foshee v. Brigman*, 174 Tenn. 564, 567, 129 S.W.2d 207, 208 (Tenn. 1939). Their argument is more appropriately considered as an argument that the easement is personal to those named in the deed, which is an argument that the easement is an easement in gross rather than an easement appurtenant. As explained in *Pevear*:

Easements can be divided into two broad classes, easements appurtenant, and easements in gross. In an easement appurtenant, there are two tracts of land, the dominant tenement, and the servient tenement. The dominant tenement benefits in some way from the use of the servient tenement. Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate, thus easements in gross usually involve only one parcel.

*Pevear*, 924 S.W.2d at 116.

Where an easement is appurtenant to the land, it "is not a mere privilege to be enjoyed by the person to whom it is granted or by whom it is reserved. It passes by deed of such person to his grantee and follows the land without any mention whatever." *Lynn v. Turpin,* 187 Tenn. 384, 388-89, 215 S.W.2d 794, 796 (1948); *Merritt v. Wilson County Bd. of Zoning Appeals*, 656 S.W.2d 846, 852 (Tenn. Ct. App. 1983).

An easement appurtenant . . . is created when a grantor reserves or creates a right in the nature of an easement or servitude in property granted for benefit of other land owned by the grantor and originally forming, with the land conveyed, one parcel. . . . It is in the nature of a covenant running with the land to which it is appurtenant, and passes to the heirs or assignees of the owner of the land, such as by conveyance of the dominant estate . . . .

C.J.S. *Easements* § 11.

It is well settled that where there is any question whether an express easement is appurtenant or in gross, construction of the granting clause as an easement appurtenant is always favored. *Lynn*, 187 Tenn. at 387-88, 215 S.W.2d 795-96; *Goetz v. Knoxville Power & Light Co.*, 154 Tenn. 545, 290 S. W. 409 (1926). An easement will not be presumed to be in gross, or a mere personal right, when it can be fairly construed to be appurtenant. *Id.*

If there be a dominant tenement to which the easement may conveniently attach and if the easement will add to the proper use and enjoyment of such dominant tenement, then the questioned clause will be construed to create an easement appurtenant, rather than a personal license or easement in gross.

*Lynn*, 187 Tenn. at 389, 215 S.W.2d at 796.

Whether an easement is appurtenant or in gross is controlled mainly by the nature of the right and the intention of the parties creating it, and must be determined by the fair interpretation of the grant or reservation creating the easement. Such interpretation may be aided if necessary by the

situation of the property and the surrounding circumstances. *Lynn*, 187 Tenn. at 388; C.J.S. *Easements* §12. Further, "[i]n determining the intention of the parties, subsequent deeds of the dominant and servient tenements are competent." *Lynn*, 187 Tenn. at 389.

In light of these principles, it appears from the language of the original deed herein and the nature of the properties (in that the easement clearly serves and benefits the dominant tenement), that it was the intention of the parties to the original transaction creating the easement that the right of way should be an incident to the parcel reserved by Ms. Polk. In addition, the language of the deeds in the subsequent conveyances confirms this intention. Thus, we conclude that the easement is an easement appurtenant and, consequently, "runs with the land," as the deeds state.

## II.

The Moores also argue that the easement should be terminated, or has terminated, because it is no longer necessary to provide access to the DeVaults' land and because the DeVaults have abandoned the easement by failing to use it. With regard to the first assertion, necessity is not a prerequisite to establishment of an express easement. Therefore, the principle that an easement ceases with necessity has no application to an express easement. *Smith v. Adkison*, 622 S.W.2d 545, 547 (Tenn. Ct. App. 1981).

As to the second argument, it is well settled that mere nonuse does not constitute abandonment of an easement. *Jacoway v. Palmer*, 753 S.W.2d 675 (Tenn. Ct. App. 1987). "[M]ere nonuser will not amount to abandonment of an easement, but there must be some positive showing of an intention to abandon." *Id.* 753 S.W.2d at 677 (quoting *Cottrell v. Daniel*, 30 Tenn. App. 339, 205 S.W.2d 973, 975 (1947)). "Mere nonuser, however long continued, affords no sufficient evidence of abandonment of an easement created by express grant." *Jacoway*, 753 S.W.2d at 677 (citing *Edminston Corp. v. Carpenter*, 540 S.W.2d 260 (Tenn. Ct. App. 1976)).

> The party asserting abandonment of an easement must prove it by clear, unequivocal evidence. *Miller v. Street*, 663 S.W.2d 797 (Tenn. Ct. App. 1983). In order to prove abandonment, the party with the burden of proof must show not only an intention to abandon the easement but also external acts carrying that intention into effect. *See Cottrell v. Daniel*, 30 Tenn. App. at 343, 205 S.W.2d at 975. Thus, nonuse of the easement by the abutting landowner or landowners is not sufficient, by itself, to prove abandonment. Nonuse must be coupled with proof that the easement holder or holders intended to abandon the easement. *See Edminston Corp. v. Carpenter*, 540, S.W.2d 260, 262 (Tenn. Ct. App. 1976); *Cottrell v. Daniel*, 30 Tenn. App. at 344, 205 S.W.2d at 975. This intention may be proved with evidence of acts clearly indicating that the easement holder desires to lay no further claim to the benefits of the easement. *See State ex rel. Phillips v. Smith*, 34 Tenn. App. 608, 612-13, 241 S.W.2d 844, 846 (1950).

*Hall v. Pippen*, 984 S.W.2d 617, 620-21 (Tenn. Ct. App. 1998). The Moores have made no allegation of abandonment other than through nonuse and have offered no proof of intent to abandon.

III.

We agree with the trial court that no material facts are in dispute and that the DeVaults are entitled to judgment as a matter of law. We affirm the trial court's grant of summary judgment to the defendants, James DeVault and Pamela DeVault. Costs of this appeal are taxed to the appellants, Leslie Moore and Linda Moore.

_____
PATRICIA J. COTTRELL, JUDGE