IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2002 Session

## MARY F. HALL, ET AL. V. MARY ROSE PIPPIN, ET AL.

**Appeal from the Chancery Court for Putnam County**
**No. 93-731    Vernon Neal, Chancellor**

---

**No. M2000-01151-COA-R3-CV - Filed November 26, 2002**

---

The Defendants, Mary Rose Pippin and Dale Delaney appeal the Trial Court's dismissal of a Rule 60 motion, which attacked a previous determination by the Trial Court relative to their right to maintain a fence across a roadway over which the Plaintiffs, Mary F. Hall and Don K. Hall claim a private right-of-way. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Mary Rose Pippin and Dale Delaney, *Pro Se*

Chantal M. Eldridge, Cookeville, Tennessee, for the Appellees, Mary F. Hall and Don K. Hall

**OPINION**

As this is a non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

The origin of this appeal was a suit filed by Plaintiffs Mary F. Hall and Don K. Hall against Defendants Mary Rose Pippin and Dale Delaney, seeking removal of a fence erected by the Defendants across a roadway which the Plaintiffs contend is burdened by their private right-of-way.

The Trial Court ruled in favor of the Plaintiffs upon finding that the roadway, although having been abandoned as a public road, nevertheless was preserved as a private right-of-way as to abutting landowners, which included the Plaintiffs.

This determination was appealed to this Court and the Chancellor was affirmed by a published opinion, *Hall v. Pippin*, 984 S.W.2d 617 (Tenn. Ct. App. 1998), to which reference is made for a more particular discussion regarding the facts presented, the issues raised and the disposition by the Trial Court.

After the case was decided at the trial level, the Defendants filed three separate Rule 60 motions seeking relief from the judgment. As to the first motion, the Chancellor held that he did not have jurisdiction in that an appeal of the case was pending before this Court. The Defendants then requested the Court of Appeals to remand the case to the Chancery Court for disposition of that Rule 60 motion.

The Court of Appeals declined to do so, and the reason for its action is set out in footnote 4 to the published opinion:

> After this appeal was filed, Ms. Pippin and Mr. Delaney filed a Tenn. R. Civ. P. 60.02 motion in the trial court seeking to reopen the case to introduce (1) evidence of an action taken by the Putnam County Commission in 1905 purportedly closing the old Boma-Baxter Road and (2) the contents of the court file relating to the 1942 judicial sale of the properties to the Allisons. The trial court properly denied this motion on the ground that it lacked jurisdiction to consider it. *See Spence v. Allstate Ins. Co.* 883 S.W.2d 586, 596 (Tenn. 1994). Ms. Pippin and Mr. Delaney have now requested this court to remand the case to the trial court for further proceedings. We deny the motion to remand the case. Even if the proffered evidence could be considered newly discovered evidence, its admission and consideration would not alter the conclusion that the evidence does not preponderate against the trial court's findings that Friendly Drive and the graveled extension to Friendly Drive follow the roadbed of the old Boma-Baxter Road and that the landowners residing along this area of the old Boma-Baxter Road have not abandoned the use of the road for access to their property.

A second Rule 60.02 motion was filed on January 1, 2000. This motion was denied by the Chancellor, resulting in this appeal.

A third Rule 60.02 motion was filed, overruled by the Trial Judge, and no appeal was taken therefrom..

The second motion, the one which, as already noted, is the subject of this appeal, is predicated upon two propositions. First, that the case of *Allison v. Lowe*, which was filed in April 1942, sustains the position of the Defendants and should be considered as newly-discovered

evidence, the Clerk of the Court being unable to locate the file prior to trial of the case, although the judgment of the Court, as we understand it, was available. Secondly, the Plaintiffs insists that the minutes of the County Court for Putnam County abandoning the road likewise were not presented to the Trial Court.

As to the second insistence, it was conceded from the outset and found by the Chancellor and this Court that the road was abandoned as a public road, but nevertheless the Plaintiffs were entitled to private right-of-way, notwithstanding the abandonment.

As to the first proposition, it appears that the very same contentions were made in the fist Rule 60 motion and disposed of in the footnote in the opinion heretofore quoted. Thus, it has been judicially determined that neither of the propositions raised in the second Rule 60 motion now on appeal would have changed the determination of the Trial Court or this Court.

The Defendants have filed a motion to have this declared a frivolous appeal and that they be awarded damages as a consequence. Because the Plaintiffs are unrepresented and filed this appeal *pro se*, we are disinclined to grant the motion.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mary Rose Pippin and Dale Delaney.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE