IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 6, 2005 Session

# TIM LEWALLEN, ET AL. v. J.C. YORK, JR.

**Appeal from the Chancery Court for Scott County**
**No. 8889     Billy Joe White, Chancellor**

_____Filed June 29, 2005_____

_____No. E2004-02042-COA-R3-CV_____

Tim Lewallen and Marietta Lewallen ("Plaintiffs") sued J.C. York, Jr. ("Defendant") claiming, in part, that Defendant was interfering with their lawful right to use an easement over Defendant's land. After a trial, the Trial Court entered an order holding, *inter alia*, "[t]hat an easement exists which runs with the land and burdens the defendant's property . . . ," and that Plaintiffs "have the use and benefit of the aforementioned easement for the purpose of ingress and egress." Defendant appeals claiming that the Trial Court erred in holding that Plaintiffs have an easement over Defendant's land, and also that the Trial Court erred in considering parol evidence regarding the easement. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Max Huff, Oneida, Tennessee, for the Appellant, J.C. York, Jr.

C. Patrick Sexton, Oneida, Tennessee, for the Appellees, Tim Lewallen and wife, Marietta Lewallen.

# OPINION

## Background

This case involves a dispute over an easement. Plaintiff Marietta Lewallen and Defendant J.C. York, Jr. are cousins who own separate tracts of land that at one time were part of a single tract owned by George and Ova York. George and Ova York were granted their property on March 8, 1941, when Kyle and Hattie Whalen deeded to George and Ova York a parcel of land "containing 22 acres more or less."

In 1981, George and Ova York deeded to Plaintiffs a portion of the York's 22 acre tract "containing 1.8 acres more or less." In 1988, George and Ova York deeded to J.C. and Betty York "2.91 acres more or less and including a 10' easement on the west side of the property for ingress and egress . . . ." J.C. and Betty York are Defendant's parents. In 1990, George and Ova York deeded to Florietta McGlothlin "all of the remaining property described in a warranty deed dated March 8, 1941 to George York and wife, Ova York . . . ."

In 1994, J.C. and Betty York deeded to Defendant a portion of the property deeded to them by George and Ova York. The deed to Defendant specifically states: "including a 10' easement on the west side of the property for ingress and egress . . . ," the same language as contained in George and Ova York's 1988 deed to J.C. and Betty York.

In 2000, Florietta McGlothlin deeded to Plaintiffs "a 20 foot wide strip of property that adjoins Tim Lewallen's east property line and includes the right of use of a 10 foot easement adjoining the 20 foot strip to the east for ingress and egress . . . ." This "10 foot easement" is the easement over Defendant's land.

In June of 2002, Plaintiffs sued Defendant claiming, in part, that Defendant knew of Plaintiffs' right to use the 10 foot easement on Defendant's property and that Defendant had taken steps to deprive Plaintiffs of their use of the easement. Defendant answered and filed a complaint for declaratory judgment claiming, in part, that he lawfully owned the property in question and that the 10 foot easement noted in his deed was "presumably intended for the original grantors, J.C. York and Betty York but was not worded in this manner."

Trial was held in July of 2004. At trial, Defendant conceded that the easement in question is mentioned in his deed. The Trial Court entered a judgment on July 26, 2004, finding and holding, *inter alia*, "[t]hat an easement exists which runs with the land and burdens the defendant's property . . . ," and that plaintiffs "have the use and benefit of the aforementioned easement for the purpose of ingress and egress." Defendant appeals the Trial Court's July 26, 2004 judgment to this Court.

-2-

**Discussion**

Although not stated exactly as such, Defendant raises two issues on appeal: 1) whether the Trial Court erred in considering parole evidence regarding the easement; and, 2) whether the Trial Court erred in holding that Plaintiffs have an easement over Defendant's land.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first will consider whether the Trial Court should have considered parole evidence regarding the easement. As this Court recently discussed in *Mitchell v. Chance*,

> The rules governing the interpretation of deeds are well-settled and are designed to enable the courts to ascertain the intention of the parties to the deed. The courts should first seek the parties' intention by examining the words in the deed, and by considering these words in the context of the deed as a whole.

> The courts customarily decline to consider parol evidence that adds to, varies, or otherwise contradicts the language of the deed. . . .

> * * *

> The interpretation of a deed is a matter of law.

*Mitchell v. Chance*, 149 S.W.3d 40, 44-45 (Tenn. Ct. App. 2004) (citations omitted).

A careful review of the deeds in the record reveals no ambiguity in regard to the easement. As such, parol evidence is not necessary, and we must determine whether an easement exists by looking to the four corners of the deeds themselves. We note that although the Trial Court heard parol evidence, the Trial Court noted that its ruling would be based upon the deeds in the record. Thus, we find Defendant's first issue to be without merit because the Trial Court's hearing parol evidence was, at most, harmless as the deeds themselves provided the answer to the parties' dispute for both the Trial Court and this Court.

We, therefore, turn next to Defendant's second issue, whether the Trial Court erred in holding that Plaintiffs have an easement over Defendant's land. We review the Trial Court's holding that an easement exists *de novo* as the interpretation of a deed is a matter of law. *Mitchell*, 149 S.W.3d at 45.

In *Pevear v. Hunt*, this Court discussed easements stating:

> An easement is a right an owner has to some lawful use of the real property of another. Easements can be created in several ways in Tennessee, including: (1) express grant, (2) reservation, (3) implication, (4) prescription, (5) estoppel, and (6) eminent domain. Easements can be divided into two broad classes, easements appurtenant, and easements in gross. In an easement appurtenant, there are 2 tracts of land, the dominant tenement, and the servient tenement. The dominant tenement benefits in some way from the use of the servient tenement. Easements in gross are simply a personal interest or right to use the land of another which does not benefit another property, or dominant estate, thus easements in gross usually involve only one parcel.

*Pevear v. Hunt*, 924 S.W.2d 114, 115-16 (Tenn. Ct. App. 1996) (citation omitted).

It is well-settled in Tennessee that an easement will not be presumed to be in gross. *E.g. Lynn v. Turpin*, 215 S.W.2d 794, 795-96 (Tenn. 1948); *Moore v. Devault*, No. M2001-02225-COA-R3-CV, 2002 Tenn. App. LEXIS 864, at *6-7 (Tenn. Ct. App. Dec. 11, 2002), *no appl. perm. appeal filed*. "If there be a dominant tenement to which the easement may conveniently attach and if the easement will add to the proper use and enjoyment of such dominant tenement, then the questioned clause will be construed to create an easement appurtenant, rather than a personal license or easement in gross." *Lynn*, 215 S.W.2d at 796. An easement appurtenant passes by deed to the grantee and runs with the land. *E.g., Burke v. Burke*, No. E1999-02481-COA-R3-CV, 2000 Tenn. App. LEXIS 305, at *14 (Tenn. Ct. App. May 10, 2000), *no appl. perm. appeal filed*.

When George and Ova York deeded a portion of their land to J.C. and Betty York in 1988, the deed conveyed "2.91 acres more or less and including a 10' easement on the west side of the property for ingress and egress . . . ." Defendant admits in his brief that George and Ova York retained a 10 foot easement over what is now Defendant's property when they deeded the property to J.C. and Betty York. As George and Ova York continued to retain ownership of the remainder of their parcel after deeding the portion to J.C. and Betty York, two tracts of land were created, a dominant tenement and a servient tenement. Thus, an easement appurtenant was created when it was reserved by George and Ova York in the deed to J.C. and Betty York. In this case, a dominant tenement exists "to which the easement may conveniently attach . . . [and the easement] add[s] to the proper use and enjoyment of such dominant tenement . . . ." *Lynn*, 215 S.W.2d at 796. As such, we construe the clause in the deed from George and Ova York to J.C. and Betty York as creating an easement appurtenant that attached to the dominant tenement, the remaining property owned by George and Ova York. The easement in question runs with the land and continues to burden Defendant's land, as so held by the Trial Court.

Defendant argues that since no mention of the easement appeared in the deed from George and Ova York to Florietta McGlothlin, there was no express grant of an easement. We disagree with Defendant's reasoning. At the time the easement was created in 1988, the easement

was specifically and expressly noted in the deed from George and Ova York to J.C. and Betty York. There was no need for George and Ova York to take any steps at that time somehow to make note of this easement on the deed that originally granted the property to them. If Defendant is suggesting that such an action was necessary, such a suggestion would be both unnecessary and unworkable. George and Ova York created this easement in favor of the dominant tenement, their remaining land, when they reserved the easement in their 1988 deed to J.C. and Betty York.

Defendant argues that this case is "very identical" to *Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. 1999). We disagree. In this case, George and Ova York expressly reserved an easement when they deeded land to J.C. and Betty York. In *Bradley*, "Ms. McCord *did not* reserve an express easement for the gravel driveway when she conveyed a portion of her property in 1988 to her son and daughter-in-law." *Id*. at 935 (emphasis added). Thus, this case is fundamentally different from *Bradley*.

Defendant argues that even if an easement existed, a fact Defendant admits in his brief, Florietta McGlothlin never received any rights in regard to such easement because no easement was noted in the deed from George and Ova York to Florietta McGlothlin. We find this argument also to be without merit. The 1990 deed from George and Ova York to Florietta McGlothlin conveyed "*all of the remaining property* described in a warranty deed dated March 8, 1941 to George York and wife, Ova York . . . ." (emphasis added). As an easement is a property right, the easement expressly reserved by George and Ova York in the 1988 transfer to J.C. and Betty York was transferred along with all of George and Ova York's other interests in "all of the remaining property described in a warranty deed dated March 8, 1941 to George York and wife, Ova York . . . ." The deed from George and Ova York to Florietta McGlothlin did not create the easement as the easement already existed. The easement was a part of "the remaining property" still owned by George and Ova York, and was a part of this "remaining property" that was transferred to Florietta McGlothlin. Thus, Florietta McGlothlin was granted the rights to the easement and Florietta McGlothlin could, and later did, transfer her interest in that easement to another party, in this case Plaintiffs. We, therefore, affirm the Trial Court's July 26, 2004 order.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, J.C. York, Jr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE