# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs December 04, 2014

## SUNTRUST BANK v. WALTER JOSEPH BURKE A/K/A WALTER JOSEPH BURKE, JR.

**Appeal from the Circuit Court for Shelby County**
**No. CT00547810     Karen R. Williams, Judge**

_____

**No. W2014-01443-COA-R3-CV- Filed – February 2, 2015**

_____

This is a garnishment case.  Appellee bank served a writ of garnishment on the Appellant realty company for the wages of Appellee's debtor, Walter Burke. Appellant answered the garnishment stating that Mr. Burke was an independent contractor, and that Appellant owed him no funds at the time of the garnishment. During the six-month period after the garnishment was served, Appellant paid Mr. Burke commissions totaling $10,671.23, but paid no monies pursuant to the garnishment filed by Appellee. Appellee later filed a motion for judgment against Appellant for its failure to honor the garnishment for the statutory six-month period.  Appellant responded to the motion, arguing that it was not subject to continuous garnishment because Tennessee Code Annotated Section 26-2-214 only applies to employers.  The trial court held that the Appellant was subject to the six-month, continuous garnishment period and awarded Appellee bank judgment in the amount of $2,667.81, representing twenty-five percent of commissions paid to Mr. Burke.  Appellant appeals.  We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Roger Stone and Lisa N. Stanley, Memphis, Tennessee, for the appellant Crye-Leike, Inc.

1

John R. Cheadle, Jr. and Mary K. Barnard, Nashville, Tennessee, for the appellee, SunTrust Bank.

## OPINION

### I. Background

On August 10, 1999, Walter Burke signed a note in favor of National Bank of Commerce evidencing a $50,000 loan. National Bank of Commerce later merged with SunTrust Bank ("SunTrust" or "Appellee"), making SunTrust the successor in interest on this note. Mr. Burke eventually defaulted on his obligation, and SunTrust obtained a default judgment against him in the amount of $57,508.25 on November 1, 2011.

Mr. Burke worked as a realtor with Crye-Leike, Inc. ("Crye-Leike" or "Appellant"). On December 7, 2011, Appellee filed a garnishment against Mr. Burke's wages with Crye-Leike. Crye-Leike answered the garnishment in a letter dated December 27, 2011, stating that Mr. Burke was not a salaried employee, but rather an independent contractor. Crye-Leike further answered that it owed no funds to Mr. Burke at the time it received the garnishment. On January 3, 2012, Mr. Burke moved the trial court for permission to make installment payments in lieu of garnishment, but the trial court denied the motion. Crye-Leike then moved to set aside the garnishment on February 14, 2012, arguing that it could not be continuously garnished because Mr. Burke is not a Crye-Leike employee. The trial court denied Crye-Leike's motion on July 6, 2012, and SunTrust then moved to enforce the garnishment on November 5, 2012. Crye-Leike moved to quash the enforcement on December 6, 2012. SunTrust filed a motion for judgment against Crye-Leike on May 3, 2013. The trial court entered an order dated June 19, 2014, granting the enforcement of the garnishment and set a hearing date to determine the amount of the garnishment payments that should have been withheld. The trial court concluded that Crye-Leike was subject to a six-month, continuous garnishment under Tennessee Code Annotated Section 26-2-214. On July 22, 2014, the trial court entered a final judgment against Crye-Leike in the amount of $2,667.81, representing a portion of the commissions Crye-Leike paid to Mr. Burke over the six-month period from the initial date of the garnishment. Crye-Leike appeals.

### II. Issues

Crye-Leike presents three issues for review:

I. Whether the trial court erred in holding that Crye-Leike is subject to a six-month, continuous garnishment under Tennessee Code Annotated § 26-2-214.

II. Whether the trial court erred when it did not determine whether Mr. Burke is an employee of Crye-Leike or an independent contractor.

III. Whether the trial court erred when it determined that Crye-Leike's answer to the garnishment order was deficient.

## III. Standard of Review

This case requires us to interpret the provisions of Tennessee Code Annotated Section 26-2-214. "Statutory interpretation is a question of law, which we review de novo, with no presumption of correctness." *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004). Our principles of statutory interpretation are well established. When reading "statutory language that is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chemical Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). "[W]e presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so." *Lind v. Beaman Dodge*, 356 S.W.3d 889, 895 (Tenn. 2011). "When a statute is clear, we apply the plain meaning without complicating the task." *Id.* "Our obligation is simply to enforce the written language." *Id.*

## IV. Statutory Provisions

The parties' respective arguments focus on the language of Tennessee Code Annotated Sections 26-2-214 and 26-2-102. Crye-Leike argues that it cannot be continuously garnished under the facts here because Section 26-2-214 does not apply to the relationship between Crye-Leike and Mr. Burke. Section 26-2-214 mandates the actions a garnishee must take "[u]pon the garnishment of salaries, wages, or other compensation due from the *employer garnishee*…." *Id.* § 26-2-214(a) (emphasis added). Subsection (b)(1) of Tennessee Code Annotated Section 26-2-214 provides:

> To the extent of the amount due upon the judgment and costs, the *employer garnishee* shall hold, subject to the order of the court, any

non-exempt wages due or which subsequently become due. The judgment or balance due thereon is a lien on salaries, wages, or other compensation due at the time of the service of the execution. Such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or satisfied, or until the expiration of the employer's payroll period immediately prior to six (6) calendar months after service of the execution, whichever occurs first. Such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified.

*Id.* (emphasis added).

SunTrust argues that Tennessee Code Annotated Section 26-2-102 provides an expansive definition of earnings so as to encompass any commissions paid by Crye-Leike to Mr. Burke. Tennessee Code Annotated Section 26-2-102 defines earnings, in relevant part, as "the compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise…." *Id.* § 26-2-102(1).

## V. Analysis

The trial court held that Mr. Burke's commissions were "subject to garnishment." The trial court further held that under "T.C.A. §26-2-214(b)(1), that garnishment is designed to pick up any monies held by Crye-Leike for [Mr. Burke] over a six-month period. Crye-Leike's position that the garnishment is only effective to attach monies on the day it is served would render the statutory language moot." At the final hearing, the trial court reasoned that Mr. Burke's commissions qualify as earnings within the meaning of Section 26-2-102, and, therefore, should be subject to the six-month continuous garnishment as allowed under Section 26-2-214.

SunTrust argues that the trial court correctly held that the statute applies to Crye-Leike because the definition of earnings in Tennessee Code Annotated Section 26-2-102 is sufficiently broad to include the commissions earned by an independent contractor. In this regard, SunTrust relies on *In re Duncan*, 140 B.R. 210 (E.D. Tenn. 1992) for the proposition that Tennessee Code Annotated Section 26-2-214 applies to independent contractors as well as employees. In *In re Duncan*, the United States Bankruptcy Court for the Eastern District of Tennessee determined that renewal commissions earned by an insurance salesman qualified for the exemption protection codified in Tennessee Code Annotated Section 26-2-106 because such commissions fell under the definition of "earnings" in Tennessee

4

Code Annotated Section 26-2-102. *Id.* at 213. The holding in ***In re Duncan***, however, does not directly address the issue before us in the instant appeal. Here, we must determine whether Tennessee Code Annotated Section 26-2-214 subjects Crye-Leike to continuous garnishment, not whether the commissions paid to Mr. Burke are earnings within the meaning of Tennessee Code Annotated Section 26-2-102 so as to be subject to statutory exemption protection.

Crye-Leike argues that Tennessee Code Annotated Section 26-2-214 can only apply to an "employer garnishee," and that, because it is not Mr. Burke's employer, it cannot be continuously garnished under the statute. Crye-Leike's interpretation of Section 26-2-214 relies on the distinction between an employee and an independent contractor. An employee is "[a] person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance." *Black's Law Dictionary* 602 (9th ed. 2009). An employer is an entity that "controls and directs a worker under an express or implied contract of hire and who pays the worker's salary or wages." *Black's Law Dictionary* 604 (9th ed. 2009). By contrast, an independent contractor, "[*u*]*nlike an employee*…is left free to do the assigned work and to choose the method for accomplishing it." Garner, Bryan A. *A Dictionary of Modern Legal Usage* 437 (2d ed. 2001) (emphasis added). In interpreting statutes, we must apply the plain meaning of statutory language. ***Eastman Chemical Co.***, 151 S.W.3d at 507. From these definitions, we conclude that the positions of independent contractor and employee are mutually exclusive for the purposes of our analysis of this statute.

Turning to the language of Tennessee Code Annotated Section 26-2-214, we note that the issue before us appears to be one of first impression. The parties have not cited, nor does our own research reveal, caselaw discussing whether a garnishment statute employing the language of Section 26-2-214 extends beyond employers. Crye-Leike argues that the inclusion of the word "employer" before the word "garnishee" indicates that our Legislature intended the statute to apply only when an employer-employee relationship exists between the garnishee and the judgment debtor. It is a well-established rule of statutory construction that we must assume that every word in the statute has meaning and purpose. ***Lind***, 356 S.W.3d at 895. Furthermore, in analyzing legislative intent, we employ the canon of construction *expressio unius est exclusio alterius*, "which holds that the expression of one thing implies the exclusion of others…." ***Rich v. Tenn. Bd. of Medical Examiners***, 350 S.W.3d 919, 927 (Tenn. 2011). The Legislature titled Tennessee Code Annotated Section 26-2-214 "Garnishment of compensation due from employer." Subsections (a) and (b)(1) both use the phrase "employer garnishee." The Legislature could have omitted the word "employer" from the statute's title and body, but, under the canon of *expressio unius est exclusio alterius*, we must assume the Legislature intended to exclude other types of entities from the

purview of Tennessee Code Annotated Section 26-2-214.[1]  Therefore, we are constrained to interpret the statute to only apply to employers, and not broadly to any entity holding funds on behalf of a debtor.

In reaching this conclusion, we cannot ignore the myriad references to employers and the employer/employee relationship the Legislature chose to include in this statute.  We must read the "ordinary meaning of the language used when read in the context of the entire statute…." *Norman v. Prather*, 971 S.W.2d 398, 401 (Tenn. Ct. App. 1997).  Our interpretation of Section 26-2-214 to exclude entities other than employers is supported by other language in subsection (b)(1), which references payroll periods and the employer relationship.  Independent contractors usually do not operate within a payroll period and usually do not have an "employer relationship" with their principal contractor.  *See Lindsey v. Trinity Communications, Inc. et al.*, 275 S.W.3d 411 (Tenn. 2009).  It is evident to this Court that the statute was intended to only allow continuous garnishment of employers, which necessarily excludes the possibility of continuously garnishing the earnings of an independent contractor through its principal.

To follow the Appellees' reasoning in this case would be to expand the statute beyond its intended scope.  We will not "limit or expand the statute's application." *Eastman Chemical Co.*, 151 S.W.3d at 507.  Although the statutory definition of earnings is expansive and includes commissions, the language of Section 26-2-214 limits continuous garnishment of earnings to those monies paid by an employer to an employee.  It is undisputed that Mr. Burke was not an employee of Crye-Leike.  Because continuous garnishment only applies to employers, and because Crye-Leike is not Mr. Burke's employer, the trial court erred in holding that Crye-Leike was subject to continuous garnishment under Section 26-2-214.  The trial court's award of a judgment in SunTrust's favor against Crye-Leike is, therefore, reversed.

## VI. Conclusion

For the foregoing reasons, the judgment of the trial court is reversed.  The case is remanded to the trial court for further proceedings as may be necessary and are consistent with this opinion.  Costs of this appeal are taxed to the Appellee, SunTrust Bank, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

---

[1]  We also note that distinguishing between employees and independent contractors is not a novel approach to the law in Tennessee.  Other statutes using the terms "employer" and "employee" have been interpreted to exclude independent contractors from their scope. *See Lindsey v. Trinity Communications, Inc. et al.*, 275 S.W.3d 411 (Tenn. 2009).