IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2018 Session

**STATE OF TENNESSEE ET AL. v. LES STIERS**

**Appeal from the Chancery Court for Campbell County**
**No. 2012-CV-104    Elizabeth C. Asbury, Chancellor**

———————————————————

**No. E2017-02405-COA-R3-CV**

———————————————————

This appeal stems from an ouster proceeding that was commenced against the former mayor of Jellico, Tennessee. When the mayor was defeated in his bid to seek reelection, the trial court dismissed the ouster complaint as moot. Notwithstanding this outcome, the defendant argued that the trial court should consider his "Counter-Complaint" that he filed in connection with the underlying proceeding. The trial court, however, ultimately dismissed the "Counter-Complaint." For the reasons stated herein, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Robert W. Knolton, Oak Ridge, Tennessee, for the appellant, Les Stiers.

Cynthia Richardson Wyrick, Sevierville, Tennessee, for the appellees, Clarence Beck, Phyllis Louise Beck, Sheri Lynn Delk, Charles Iven Leach, Carolyn Leach, Walter B Huddleston, Sharon K Huddleston, W H Bowlin, Mark Bowlin, Gail P. Sharp, Preston Duane Lambdin, James William Walden, Louise Walden.

Deanna R. LeForce and John Robert Delk.[1]

———————————

[1]Appellees Deanna R. LeForce and John Robert Delk did not file a brief or otherwise participate in this appeal.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This litigation commenced when a "Complaint for Ouster" was filed by Clarence Beck in the Campbell County Chancery Court. The complaint sought the removal of Les Stiers ("Mr. Stiers"), who, at the time of the filing of the complaint, was the mayor of Jellico, Tennessee. In response to the filing of the complaint, Mr. Stiers filed a motion to dismiss alleging that the plaintiff lacked the capacity to bring suit against him. Thereafter, an amended complaint for ouster was filed in the name of the State of Tennessee and the City of Jellico upon the relation of numerous Jellico residents.

In addition to filing an answer requesting that the "Amended Complaint for Ouster" be dismissed, Mr. Stiers brought a "Counter-Complaint" wherein he sued the "Plaintiffs/relators . . . for libel, slander, defamation of character, and for malicious prosecution." He sought compensatory and punitive damages, as well as attorney's fees. Later, Mr. Stiers filed a motion for summary judgment requesting dismissal of the ouster action asserted against him. Although a hearing on the motion for summary judgment occurred in the summer of 2014, the court did not rule on the motion at that time, being of the opinion that further information was needed for the court's consideration of the motion. Shortly thereafter, in the fall of 2014, Mr. Stiers was defeated in his bid for reelection as the mayor of Jellico.

Given Mr. Stiers' failed reelection campaign, the ouster suit was dismissed as moot by the court pursuant to an order entered on September 17, 2015. The "Counter-Complaint," however, was not disposed of in the September 17, 2015 order.

A dispute soon emerged over whether Mr. Stiers' "Counter-Complaint" was properly before the trial court. Mr. Stiers submitted that the trial court should consider his "Counter-Complaint," namely its request for attorney's fees incurred in connection with the original ouster suit. To do this, he argued, the court should first determine the legal merits of his filed motion for summary judgment. In his view, he could recover expenses in the trial court's discretion if the court came to the determination that the ouster lawsuit *would have been dismissed* on the merits.

On February 9, 2017, the trial court entered an order denying Mr. Stiers his requested relief. In pertinent part, the trial court's order stated as follows:

> 3. Defendant now ask[s] the Court to review the MOTION FOR SUMMARY JUDGMENT which was reserved[.] . . . However, the Petition was dismissed because the issues raised became moot.

4. T.C.A. § 8-47-121 states the following: "After . . . final hearing on the Complaint or Petition, any public officer not removed from office, or if the officer has been suspended, any officer immediately restored to office, may be reimbursed reasonable attorney fees by the appropriate state, county, or municipality, or other political subdivision. . . ." This statute does not authorize the assessment of attorney's fees . . . against individual relators.

5. T.C.A. § 8-47-122 states Liability for costs "when brought by or upon the relations of citizens and freeholders, they shall be at the expense of relators; provided, that in all cases, where such proceedings are successful, full costs shall be adjudged against the defendant." T.C.A. § 8-47-122(b) states: "the Complainant may be taxed for costs and attorney fees pursuant to Rule 11 of the Tennessee Rules of Civil Procedure, if the complaint or petition is withdrawn or if the court finds the charges alleged to be without merit."

6. In this case, the Complaint was not withdrawn. The Court did not find the charges alleged to be without merit. The Court did determine that the issues raised in the Complaint became moot. In this case, a Rule 11 Motion has not been filed. Further, even if a Rule 11 Motion had been filed, compliance with 11.03 (1) (a) would be impossible since the Complaint has already been dismissed due to the issues becoming moot.

7. Defendant wants this Court to review the MOTION FOR SUMMARY JUDGMENT and render an opinion as to whether that MOTION was "legally meritorious." This Court cannot do that. The Complaint has been dismissed. The MOTION FOR SUMMARY JUDGMENT was argued and the Court reserved ruling. This Court doubts whether the filing of a MOTION FOR SUMMARY JUDGMENT should have been allowed since the only pleadings authorized are a Petition and Answer. This Court is not going to go behind the ORDER dismissing the Complaint and determine whether or not any pending Motion was or was not meritorious.

Although Mr. Stiers subsequently filed a motion to alter or amend, the trial court entered an order denying the motion on November 15, 2017 reiterating that relief was unavailable and stating that the Counter-Complaint was dismissed. This appeal followed.

### ISSUES PRESENTED

Mr. Stiers raises a number of issues for our review on appeal. Condensed and restated, these issues are as follows:

- Whether the trial court erred in holding that no pleadings are allowed in an ouster action outside of a petition and answer.

- Whether the trial court erred in failing to review the motion for summary judgment.

- Whether the trial court erred in ruling that attorney's fees were not available against the individual relators under the ouster statutes.[2]

## DISCUSSION

In our view, the resolution of this appeal is fairly straightforward. The questions before us are primarily legal in nature. As to questions of law, our standard of review is de novo without a presumption of correctness. *Akers v. Prime Succession of Tenn., Inc.*, 387 S.W.3d 495, 501 (Tenn. 2012) (citation omitted). Issues of statutory construction, which are questions of law, require us to give effect to the intention and purpose of the legislature. *Exxonmobil Oil Corp. v. Metro. Gov't of Nashville and Davidson Cnty.*, 246 S.W.3d 31, 35 (Tenn. Ct. App. 2005) (citations omitted). When determining legislative intent, we look to the natural and ordinary meaning of the language used in the statute itself. *Id.*

Although Mr. Stiers challenges the trial court's determination that his "Counter-Complaint" was not properly before the court, Tennessee Code Annotated section 8-47-115 clearly states that, relative to ouster proceedings, "[t]he petition and answer shall constitute the only pleadings allowed." Tenn. Code Ann. § 8-47-115. We are of the opinion that the trial court did not err in relying on this statute in dismissing the "Counter-Complaint," which, as we have already noted, sued the relator plaintiffs "for libel, slander, defamation of character, and for malicious prosecution." Mr. Stiers

---

[2] This specific issue is tied to the trial court's ruling regarding Tennessee Code Annotated section 8-47-121. Mr. Stiers also raises a separate issue specifically connected to the trial court's discussion of Tennessee Code Annotated section 8-47-122. It is somewhat difficult to understand what Mr. Stiers' grievance is with respect to the trial court's discussion of this latter statute. As best as we can discern from his brief, Mr. Stiers perhaps appears to be of the belief that section 8-47-122(b) only concerns liability for costs and does not provide any standard for the assessment of attorney's fees against an ouster complainant. We would note, however, that the statute plainly states that "the complainant may be taxed for costs and *attorney fees* pursuant to Rule 11 of the Tennessee Rules of Civil Procedure, *if* the complaint or petition is withdrawn or if the court finds the charges alleged to be without merit." Tenn. Code Ann. § 8-47-122(b) (emphases added). As we read the trial court's order, the trial court simply held that no attorney's fees could be recovered under that statute in this case because, among other things, there had been neither a withdrawal of the complaint nor a determination that the charges were without merit. Mr. Stiers acknowledges that these circumstances are not present, and he also states that his assignment of error "is not a 'true' appellate issue." To the extent that an issue has been raised, which, again, it is somewhat unclear what the specific grievance is, we are of the opinion that there is no reversible error on account of the trial court's discussion of section 8-47-122.

- 4 -

attempts to argue that the Tennessee Rules of Civil Procedure permit his "Counter-Complaint" to be maintained in an ouster proceeding, but his argument is unpersuasive. Again, the statute is clear that only a petition and answer are allowed as pleadings, and it is further settled that a litigant may not rely on rules of civil procedure to augment delineations made in the ouster statutes. *See State ex rel. Leech v. Wright*, 622 S.W.2d 807, 810-11 (Tenn. 1981) ("We have no hesitancy in holding that if there is any conflict between any express provision of the ouster statutes and the Tennessee Rules of Civil Procedure, the ouster statute should prevail."). The trial court did not commit any error in dismissing the filed "Counter-Complaint."

The upshot of Mr. Stiers' argument on appeal appears to be that his motion for summary judgment should have been considered by the trial court for the sole purpose of determining whether attorney's fees should have been awarded to him pursuant to Tennessee Code Annotated section 8-47-121. Indeed, in the prayer to his appellate brief, Mr. Stiers requests that "this cause be remanded to the Trial Court to conduct further hearing as may be necessary to review the Motion for Summary Judgment . . . as to its merits, and if meritorious, to consider the . . . assessment of attorney fees pursuant to T.C.A. § 8-47-121." In asserting error on the part of the trial court, Mr. Stiers contends that the trial court abused its discretion in refusing to rule on the motion for summary judgment, even though the ouster proceeding had been mooted by his failed reelection campaign.

Although there is a dispute on appeal as to whether the motion for summary judgment could have even been filed by Mr. Stiers in light of the restriction contained in Tennessee Code Annotated section 8-47-115, we need not opine on that specific proposition. We say that because, even assuming a motion for summary judgment was a matter that could properly be entertained under the ouster statutes, there was no error in the trial court's failure to rule on the motion for summary judgment in this case. As we have noted, the ouster complaint was dismissed as moot upon Mr. Stiers' failed reelection. Although Mr. Stiers argues to the contrary, there was simply no reason for the trial court to thereafter provide a ruling on a matter that was no longer justiciable. *See State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961) ("The courts of this State have no right to render an advisory opinion.").

In any event, even if we agreed with Mr. Stiers' position that the trial court should have entertained a moot issue in order to ascertain whether attorney's fees would have been properly awarded had the merits of the case been considered, it is clear that such an inquiry would be to no avail. Here, Mr. Stiers argues that an award of attorney's fees should be considered pursuant to Tennessee Code Annotated section 8-47-121, which provides in part as follows:

> If, on the final hearing of the complaint or petition herein provided, the officer is not removed from office, the officer shall, if the officer has been

suspended, be immediately restored to office, and be allowed the officer's full costs and the salary and fees of the officer's office during the time of the officer's suspension, as the case may be, against the state, county, or municipality, to be taxed and paid as in other cases. Such officer so temporarily filling the office shall receive the same salary and fees as is provided by law to be paid to the officer so suspended. After final hearing on the complaint or petition, any public officer not removed from office, or if the officer has been suspended, any officer immediately restored to office, **may be reimbursed reasonable attorney fees by the appropriate state, county, municipality, or other political subdivision**.

Tenn. Code Ann. § 8-47-121 (emphasis added). Aside from the fact that the ouster complaint never proceeded to a final hearing given the mootness of the case, the statute specifically provides for reimbursement "by the appropriate state, county, municipality, or other political subdivision." *Id.* In this case, Mr. Stiers is seeking reimbursement against the individual relator plaintiffs who filed the ouster complaint, as opposed to any of the types of political subdivisions mentioned in the text of the statute. As the trial court recognized in its order denying Mr. Stiers' motion to alter or amend, "While T.C.A. § 8-47-121 potentially permits the Defendant in successfully defending an ouster action to recover attorney's fees . . . , the statute does not authorize the assessment of attorney's fees . . . against individual relators, as in this case."

Mr. Stiers does not appear to dispute that, under the text of the statute, a reimbursement of attorney's fees under Tennessee Code Annotated section 8-47-121 is only available against an appropriate "state, county, municipality, or other political subdivision." *Id.* However, in his brief on appeal, he suggests that the lack of alternate relator responsibility language in the statute "is merely an oversight of the legislature." Whether or not this is true,[3] when construing a statute, it is this Court's obligation to simply enforce the written language. *SunTrust Bank v. Burke*, 491 S.W.3d 693, 695 (Tenn. Ct. App. 2015) (citation omitted). We are directed to apply its plain meaning, without a forced interpretation that would limit or expand the statute's application. *Id.* (citation omitted). Despite Mr. Stiers' protestations that he could recover attorney's fees

---

[3] We note that the text of another provision in the ouster statutes, Tennessee Code Annotated section 8-47-122(b), does not specifically limit the recovery of attorney's fees under that section from political subdivisions alone. The provisions reads, "Notwithstanding . . . any other law to the contrary, *the complainant* may be taxed for costs and attorney fees pursuant to Rule 11 of the Tennessee Rules of Civil Procedure, if the complaint or petition is withdrawn or if the court finds the charges alleged to be without merit." Tenn. Code Ann. § 8-47-122(b) (emphasis added). As noted in our prior footnote, although Mr. Stiers purportedly raises a separate issue specifically connected to the trial court's discussion of Tennessee Code Annotated section 8-47-122, it is somewhat difficult to understand what his grievance is. In fact, in his brief's argument section concerning that statute, he states that his assignment of error "is not a 'true' appellate issue." In any event, as stated in our prior footnote, we are of the opinion that the trial court did not err in concluding that attorney's fees were not available under section 8-47-122(b) due to the facts of this case.

under Tennessee Code Annotated section 8-47-121 against the individual relators, his request for relief is without merit given the language of the statutory provision. We accordingly affirm the trial court's judgment on this issue.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is hereby affirmed.

_____
ARNOLD B. GOLDIN, JUDGE