IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 21, 2024 Session

## HENRY'S FLORIST, INC. v. HEATHER R. KNOTT

**Appeal from the Chancery Court for Rutherford County**
**No. 20CV-1503      Amanda Jane McClendon, Judge**

_____

**No. M2023-00650-COA-R3-CV**

_____

This case involves a disputed easement. Appellee filed a complaint for declaratory judgment asking the trial court to conclude that an easement existed in its favor. Appellant filed a counter complaint requesting a declaratory judgment that no easement existed and requesting an injunction prohibiting Appellee from using the disputed easement. On Appellee's motion for summary judgment, the trial court concluded that an easement existed in favor of Appellee, and it denied the relief Appellant sought. Thereafter, the trial court granted Appellee's motion to dismiss Appellant's counter complaint. We agree that an easement exists, and we affirm the trial court's order granting the motion for summary judgment. Because the summary judgment order granted relief in Appellee's favor, Appellant's request for relief in the counter complaint was denied on the merits, rendering the counter complaint moot. As such, we vacate the trial court's order on the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated in Part; Affirmed in Part; and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KRISTI M. DAVIS, JJ., joined.

Mark A. Polk, Murfreesboro, Tennessee, for the appellant, Heather R. Knott.

L. Gilbert Anglin and L. Garrett Anglin, Murfreesboro, Tennessee, for the appellee, Henry's Florist, Inc.

## OPINION

## I. Background

Appellee Henry's Florist, Inc. ("Henry's Florist") owns a two-story building at 102 North Church Street in Murfreesboro, Tennessee. On September 24, 2020, Appellant Heather R. Knott purchased the two-story buildings at 104 North Church Street and 106 North Church Street (together, "Ms. Knott's buildings"). There is a door between Ms. Knott's buildings that opens from the sidewalk onto a stairwell that allows access to the second floors of Ms. Knott's buildings. 104 North Church Street directly abuts Henry's Florist's building, and the two buildings share a wall. The second-story hallway of 104 North Church Street (Ms. Knott's property) dead-ends at a door through the shared wall between 104 North Church Street and Henry's Florist's building, allowing ingress/egress to the second floor of Henry's Florist. Henry's Florist has another stairwell that allows access to its second floor. The question here is whether Henry's Florist has an easement through the door between Ms. Knott's buildings, up the stairs, through the second-floor hallway of 104 North Church Street, and through the door in the shared wall between 104 North Church Street (Ms. Knott's property) and 102 North Church Street (Henry's Florist's property).

On September 8, 2020, Henry's Florist filed a complaint for declaratory judgment against Ms. Knott in the Rutherford County Chancery Court (the "trial court"). Henry's Florist asked the trial court to declare that a valid easement for ingress/egress existed in favor of Henry's Florist to use Ms. Knott's stairwell, second-floor hallway, and the door between 104 North Church Street and 102 North Church Street to access its second floor. On February 3, 2021, Ms. Knott filed an answer objecting to the easement.

On August 18, 2021, Henry's Florist filed a motion for summary judgment, wherein it argued, *inter alia*, that Ms. Knott was estopped from denying the easement because it was expressly acknowledged in her deed and the deeds of her predecessors in title. The summary judgment evidence included all of the deeds for the three properties.

On September 24, 2021, Ms. Knott filed a response to Henry's Florist's statement of undisputed facts. On May 31, 2022, Ms. Knott filed a response in opposition to the motion for summary judgment, including an updated response to Henry's Florist's statement of undisputed facts and her own statement of additional undisputed facts. Also, on May 31, 2022, Ms. Knott filed a motion for leave to file an amended answer and counter complaint, which the trial court granted. On June 6, 2022, Henry's Florist filed a reply to Ms. Knott's response to the motion for summary judgment and a response to Ms. Knott's statement of additional undisputed facts.

On July 13, 2022, Ms. Knott filed an amended answer and counter complaint. In the counter complaint, Ms. Knott sought a declaratory judgment concerning the rights of

- 2 -

the parties to use the hallway and stairwell. Ms. Knott sought a permanent injunction prohibiting Henry's Florist from using her property as a primary means of ingress/egress to its property. On July 25, 2022, Henry's Florist filed a motion to dismiss the counter complaint. On August 5, 2022, Ms. Knott filed a response to the motion to dismiss.

On August 12, 2022, the trial court heard Henry's Florist's motion for summary judgment and its motion to dismiss the counter complaint. By orders entered December 9, 2022, the trial court granted both motions. On January 6, 2023, Ms. Knott filed a motion to alter or amend the trial court's December 9, 2022 orders. On February 6, 2023, Henry's Florist filed a response to Ms. Knott's motion, citing the deeds to affirm that there were no genuine issues of material fact concerning the validity of the easement.

On February 10, 2023, the trial court heard Ms. Knott's motion to alter or amend. After arguments, the trial court orally ruled, in pertinent part, that a 1985 deed created an easement in favor of Henry's Florist.[1] On April 10, 2023, the trial court entered its order on the motion. Therein, the trial court granted the motion in part and set out new findings of facts and conclusions of law. Relevant here, the trial court concluded that:

> 4. [The 1985 deed], although inartfully drawn, also, in and of itself, created a valid, enforceable easement encumbering 104 N. Church Street (Lot 2) and 106 N. Church Street (Lot 3) in favor of 102 N. Church Street (Lot 1).
>
> 5. The scope of the easement created in 1985 is stated in the deed itself, that the easement is a right of ingress and egress up the staircase and across the hall to the building located at 102 North Church Street as shown in Deed Book 40, pages 589 and 590 of the Register's Office of Rutherford County, Tennessee. This deed also references the valid easement created by Clark Barton on April 30, 1900, which was to be a permanent right of way under any and all circumstances. . . .
>
> 6. There were no facts presented in the record that would create a genuine dispute of material fact as to the grantors' intent in [the 1985 deed] to create a valid, enforceable easement encumbering 104 N. Church Street (Lot 2) and 106 N. Church Street (Lot 3) in favor of 102 N. Church Street (Lot 1). No facts were presented in the record that would lead the [c]ourt to conclude that said easement was created in error or by mistake.

Ultimately, the trial court reaffirmed its grant of the summary judgment in favor of Henry's Florist and the dismissal of Ms. Knott's counter complaint. Ms. Knott filed a timely appeal.

---

[1]Although the trial court made other findings and conclusions, for the reasons discussed *infra*, the dispositive issue rests on the 1985 deed.

## II. Issues

Although Ms. Knott raises four issues for review, we conclude that there are two dispositive issues, which we state as follows:

1. Whether the trial court erred in granting Henry's Florist's motion for summary judgment when it concluded that a 1985 deed granted an easement in favor Henry's Florist.

2. Whether the trial court erred in granting Henry's Florist's motion to dismiss.

## III. Analysis

### A. Motion for Summary Judgment

We begin by addressing whether the trial court erred when it granted Henry's Florist's motion for summary judgment. A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Green v. Green***, 293 S.W.3d 493, 514 (Tenn. 2009). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Furthermore,

> "[w]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co.***, [***Ltd. v. Zenith Radio Corp***.], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 265 (Tenn. 2015).

The gravamen of the motion for summary judgment and the case itself concerns whether Henry's Florist has an easement that burdens Ms. Knott's properties. "An

easement is an interest in property that confers on its holder a legally enforceable right to use another's property for a specific purpose." **Holder v. Serodino**, No. M2014-00533-COA-R3-CV, 2015 WL 5458377, at *7 (Tenn. Ct. App. Sept. 16, 2015) (quoting **Hall v. Pippin**, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998)). Easements can be created several ways, including by express grant. This Court has explained that

> "[t]o create an easement by express grant, there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a license." 25 Am. Jur. 2d *Easements and Licenses* § 15 (2008); **Adcock v. Witcher**, [No. 01-A-01-9505-CH00220], 1995 WL 675852 at *2 (Tenn. Ct. App. Nov. 15, 1995). "The scope of such an easement is set forth in express terms, either in the granting documents or as matter of incorporation and legal construction of terms of relevant documents. . . ." 25 Am. Jur. 2d *Easements and Licenses* § 15. An easement reserved in a recorded plat is sufficient to constitute an express easement. **Moore v. Queener**, 464 S.W.2d 296, 302 (Tenn. Ct. App. 1970); *see also* **Jacoway v. Palmer**, 753 S.W.2d 675 (Tenn. Ct. App. 1987); **Smith v. Black**, 547 S.W.2d 947 (Tenn. Ct. App. 1976).

**Smith v. Evans**, No. M2007-02855-COA-R3-CV, 2008 WL 3983117, at *2 (Tenn. Ct. App. Aug. 27, 2008). Furthermore,

> [w]hen an easement arises from a grant or reservation in a deed, the extent of the easement is determined by the language of the grant or reservation. *See, e.g.,* **Foshee v. Brigman**, [] 129 S.W.2d 207, 208 (Tenn. 1939). Interpretation of the grant may be aided if necessary by the situation of the property and the surrounding circumstances. **Lynn v. Turpin**, [] 215 S.W.2d 794, 796 ([Tenn.] 1948); C.J.S. *Easements* § 12.

**Culp v. Grinder**, No. M2002-01512-COA-R3-CV, 2003 WL 21462986, at *4 (Tenn. Ct. App. June 25, 2003). The parties dispute whether any deed in Ms. Knott's chain of title contained an easement in favor of Henry's Florist's property. Although the record contains all of the deeds for the properties, we will only discuss those deeds that are relevant to the issue of the easement.

## The Knight Deeds

The first instance of an express reference to an easement in a deed for Ms. Knott's buildings appeared in 1985. On December 16, 1985, Martha Anne Knight received a warranty deed to 104 North Church Street and 106 North Church Street ("Mrs. Knight's Deed"). Mrs. Knight's Deed stated the following:

> Included in the above[-]mentioned property [*i.e.*, Ms. Knott's buildings] *is*

*the right of ingress and egress up the staircase and across the hall to the building located at 102 North Church Street* [*i.e.,* Henry's Florist] as shown in Deed Book 40, pages 589 and 590 of the Register's Office of Rutherford County, Tennessee.

(Emphasis added). On this Court's *de novo* review of the foregoing language, we agree with the trial court that Mrs. Knight's Deed created an express easement (the "Knight Easement") in favor of Henry's Florist through the stairwell between Ms. Knott's buildings and across the hallway of 104 North Church Street leading into Henry's Florist's second floor. *See Smith*, 2008 WL 3983117, at \*2; *Culp*, 2003 WL 21462986, at \*4. Mrs. Knight's Deed referenced an instrument in Deed Book 40 at pages 589-590. The record shows that this "instrument" is an April 30, 1900 deed wherein Clark Barton conveyed 102 North Church Street (*i.e.*, Henry's Florist's building) to Charles T. Partee and Addie Partee, husband and wife (the "Partee Deed"). The Partee Deed contained the following language:

I also hereby convey to said Partee and wife a right of way through and over the hall and stairway leading to [102 North Church Street] from the Public Square and the same is to be a permanent right under any and all circumstances.

(the "Partee Easement"). The reference in Mrs. Knight's Deed to the Partee Easement demonstrates that the Knight Easement was meant to mirror the Partee Easement, which it did.

Also, on December 16, 1985, Mrs. Knight executed a quitclaim deed (the "Knight Quitclaim Deed") (together with Mrs. Knight's Deed, the "Knight Deeds") and conveyed Ms. Knott's buildings to herself and to her husband, William D. Knight. The Knight Quitclaim Deed's description of Ms. Knott's properties was identical to the description in Mrs. Knight's Deed and included the Knight Easement. Thus, the Knight Quitclaim Deed also granted an express easement in favor of 102 North Church Street across the hallway of 104 North Church Street and through the stairwell between Ms. Knott's buildings. *See Smith*, 2008 WL 3983117, at \*2; *Culp*, 2003 WL 21462986, at \*4.

## The Pate Deed

On January 10, 2004, Mr. Knight, as a widower, conveyed Ms. Knott's buildings to Stephen W. Pate and Betty K. Pate (the "Pates") (the "Pate Deed"), Ms. Knott's immediate predecessors in title. The Pate Deed contained the following language:

Included in this conveyance is an ingress/egress easement as shown in DB-355, PG. 574, Register's Office, Rutherford County, Tennessee.

The record shows that the instrument appearing in Deed Book 355 at page 574 is the Knight

Quitclaim Deed. Thus, although the Pate Deed did not create its *own* easement, as the language above demonstrates, it expressly incorporated the Knight Easement into itself. *See Smith*, 2008 WL 3983117, at *2.

## Ms. Knott's Deeds

On December 20, 2005, the Pates, as tenants by the entirety, transferred a fifty percent undivided interest in 104 North Church Street and 106 North Church Street to Ms. Knott (the "Knott Quitclaim Deed"). The Knott Quitclaim Deed contained the same language described above from the Pate Deed. Thus, for reasons discussed, *supra*, the Knight Easement was expressly incorporated into the Knott Quitclaim Deed. *See id.*

On September 24, 2020, the Pates transferred their remaining interest in 104 North Church Street and 106 North Church Street to Ms. Knott via warranty deed (the "Knott Warranty Deed"). The Knott Warranty Deed contained language similar to that contained in the Knott Quitclaim Deed and the Pate Deed. The Knott Warranty Deed stated that Ms. Knott's buildings were

> [s]ubject to Ingress/Egress Easement of record in Deed Book 355, page 570 and Deed Book 355, page 574. . . .

The record shows that the instruments appearing in Deed Book 355 at pages 570 and 574 are the Knight Deeds. Thus, the above language shows that Ms. Knott's Warranty Deed expressly included the "Ingress/Egress Easement of record" in the Knight Deeds, *i.e.,* the Knight Easement. *See id.*

In her appellate brief, Ms. Knott argues that, because the Knight Deeds used the phrase "included in" rather than "subject to" before discussing the Knight Easement, that the plain language of the Knight Deeds "did not affirmatively grant or vest any third party with any rights." Rather, Ms. Knott argues that the language in the Knight Deeds suggests that *the Knights* were "receiving something additional." Ms. Knott's argument is not persuasive. To interpret the easement language in the Knight Deeds as Ms. Knott suggests would result in the Knights being granted a "right of ingress and egress up the staircase and across the hall to the [Henry's Florist] building." In short, the Knights would be granted an easement through Ms. Knott's buildings, *i.e.,* the property the Knights owned. This is contradictory to the fundamental principle that an easement is a property interest conferred *on a third party* giving the third party the right to *use another's property* for a specific purpose. *See Holder*, 2015 WL 5458377, at *7. "As a general matter of law, the owner of a fee simple interest in property cannot also have an easement over the same property." *Hall*, 984 S.W.2d at 622. Indeed, under the doctrine of merger, the easement would be extinguished if the Knights were given the easement and held fee simple ownership over the property on which the easement was granted, *i.e.,* Ms. Knott's buildings. *See id.* ("[W]hen the holder of an easement acquires fee simple ownership of

the property, the doctrine of merger extinguishes the easement, thereby leaving only the fee simple estate."). Indeed, the more logical interpretation is that the Knights conferred on the owner of 102 North Church Street an easement through their property, *i.e.,* Ms. Knott's buildings.

The surrounding circumstances show that the Knights were both aware of an easement in favor of 102 North Church Street and intended to include it in the Pate Deed. *See Culp*, 2003 WL 21462986, at *4; *Lynn*, 215 S.W.2d at 796. It is undisputed that after Henry's Florist purchased 102 North Church Street in 1984, Henry Phillips, the owner of Henry's Florist, would regularly access the upstairs through the stairwell between Ms. Knott's buildings and through the hallway of 104 North Church Street. As noted above, the Knights became owners of Ms. Knott's buildings in December 1985, just over a year after Henry's Florist purchased its building. In his deposition, Mr. Phillips testified that, after the Knights purchased 104 North Church Street and 106 North Church Street, he had a discussion with Mr. Knight about placing a lock on the door to the stairwell between the two buildings because Mr. Phillips noticed individuals loitering in the stairwell. Mr. Knight complied, placed a lock on the door, and provided Mr. Phillips with a key. Ms. Knott provided no evidence to dispute this testimony. Thus, the undisputed facts demonstrate that Mr. Knight was not only aware of the easement but also helped Mr. Phillips access it. This fact lends further support of Mr. Knight's intention to include the Knight Easement in the Pate Deed when he conveyed Ms. Knott's buildings to the Pates. *See Smith*, 2008 WL 3983117, at *2; *Culp*, 2003 WL 21462986, at *4.

The undisputed facts demonstrate that the Pates were also aware of the easement in favor of Henry's Florist. The record shows that Mr. Phillips renovated 102 North Church Street in July 1993 and used the hallway of 104 North Church Street and the stairwell between Ms. Knott's buildings to carry materials to and from the upstairs of Henry's Florist. During this time, the City of Murfreesboro required Mr. Phillips to install a metal fire door between the upstairs of Henry's Florist and the hallway of 104 North Church Street, which he did. Renovations were complete in August or September 1993. As discussed above, the Pates purchased Ms. Knott's buildings in 2004. After purchase, the Pates renovated Ms. Knott's buildings. During this renovation, the flooring in the hallway of 104 North Church Street was installed in a manner that prevented the fire door from opening. Neither Mr. Phillips nor Mr. Pate noticed the impediment until 2019, when Mr. Phillips informed Mr. Pate of the issue. Thereafter, Mr. Phillips and Mr. Pate worked together to correct the issue, and the fire door has been operational since that time. Thus, the undisputed facts show that Mr. Pate was aware of the easement and helped Mr. Phillips access it. Indeed, Ms. Knott admitted to the following undisputed fact in her updated response to Henry's Florist's statement of undisputed facts: "At no time, prior to this proceeding, has either Attorney Pate or Attorney Knott told Mr. Phillips he did not have an easement. It was only after Mr. Phillips informed them that he would be using the easement that they tried to limit his use thereof by requiring permission and scheduling a time [to use the easement]." Such evidence shows that Mr. Pate was aware of the existence of the

Knight Easement when he conveyed 104 North Church Street and 106 North Church Street to Ms. Knott via the Knott Quitclaim Deed and the Knott Warranty Deed.  *See Smith*, 2008 WL 3983117, at *2; *Culp*, 2003 WL 21462986, at *4.

As discussed above, Mrs. Knight's Deed created its own easement in favor of 102 North Church Street, and this easement was copied verbatim into the Knight Quitclaim Deed.  Thereafter, each deed in Ms. Knott's chain of title expressly incorporated either the Knight Quitclaim Deed or both Knight Deeds.  In doing so, each deed expressly incorporated the Knight Easement into itself.  Thus, each deed in Ms. Knott's chain of title, including her own deeds, contained the easement granting Henry's Florist access through Ms. Knott's buildings.  For the foregoing reasons, we conclude that the trial court did not err when it granted Henry's Florist's motion for summary judgment, thus affirming its easement.

### B.  Motion to Dismiss

Having determined that an easement exists in favor of Henry's Florist's property through Ms. Knott's buildings, we turn to the second issue: whether the trial court erred in granting Henry's Florist's motion to dismiss Ms. Knott's counter complaint.  Ms. Knott's counter complaint sought:

1.  A declaratory judgment as to the rights and other legal relations of [Ms. Knott] and [Henry's Florist] as to [Henry's Florist's] use of [Ms. Knott's buildings].

2.  A permanent injunction re[s]training [Henry's Florist] from using [Ms. Knott's buildings] as a primary means of ingress for [Henry Florist's building].

In the counter complaint, Ms. Knott asked the trial court to declare the rights of the parties; part and parcel of this request was her request that the trial court issue a permanent injunction preventing Henry's Florist from using Ms. Knott's buildings as a primary means of ingress and egress for its building.  The relief Ms. Knott sought in the counter complaint was similar to the relief Henry's Florist sought in its complaint, *i.e.,* that the trial court "declare[] the rights and other legal relations of the [parties] as to the easement for ingress/egress."  In the motion for summary judgment, Henry's Florist argued that it was entitled to a declaratory judgment that there was a valid and enforceable easement in favor of 102 North Church Street.  As discussed, *supra*, the trial court correctly granted the motion for summary judgment, thus affirming the easement.  In doing so, the trial court denied the relief Ms. Knott sought in her counter complaint on the merits, which rendered the counter complaint moot.  Accordingly, "there was simply no reason for the trial court to thereafter provide a ruling on a matter that was no longer justiciable," *i.e.,* the motion to dismiss.  *State v. Stiers*, 571 S.W.3d 706, 710 (Tenn. Ct. App. 2018).  Thus, we vacate the

trial court's order on the motion to dismiss. All other issues are pretermitted as moot.

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's order granting the motion for summary judgment, and we vacate the trial court's order granting the motion to dismiss. As discussed above, because the trial court's order granting summary judgment effectively denied the relief Ms. Knott sought in the counter complaint, no further proceedings are necessary in the trial court concerning the disposition of the counter complaint. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Heather R. Knott, for all of which execution may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE
